Madeline V. SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12897.

United States Court of Appeals Sixth Circuit.

Dec. 12, 1956.

David Hanover, Memphis, Tenn. (Hanover, Hanover, Hanover & Walsh, Memphis, Tenn., on the brief), for appellant.

Millsaps Fitzhugh, U. S. Atty., Memphis, Tenn. (Charles K. Rice, Washington, D. C., Edward N. Vaden, Robert E. Joyner, Memphis, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

In this case appellant was indicted for willful evasion of income tax in her returns for the calendar years 1949 and 1950, found guilty by the jury, and duly sentenced by the court.

Appellant's principal contention is that the court committed reversible error in admitting as evidence the computation of income which appeared upon certain charts used by a Special Agent with the Intelligence Division of the Internal Revenue Service to explain his testimony. The court properly instructed the jury with reference to these charts, that they were offered merely in explanation of the witness's testimony and his computations, and that it was for the jury to say "whether there is competent evidence in the record to support the figures as shown on these charts." The admission of such tabulations as an aid to the jury does not constitute reversible error. It has been approved by this court in recent cases of income tax evasion. In Gariepy v. United States, 6 Cir., 189 F.2d 459, 462, the court declared that the computation was at best "but an estimate, but as an estimate it was entitled to the consideration of the jury because based on substantially the entire evidence in the record." Cf. Eggleton v. United States of America, 6 Cir., 227 F. 2d 493; American Vitrified Products Co. v. Wyer, 6 Cir., 221 F.2d 447. The use of such calculations was approved by the Supreme Court in United States v. Johnson, 319 U.S. 503, 519, 63 S.Ct. 1233, 1241, 87 L.Ed. 1546. The record shows that within the holding of the Johnson case the trial court herein left the jury

"free to exercise its untrammeled judgment upon the worth and weight" of the evidence given in these charts.

▮ The trial was fair. It was shown by overwhelming evidence that appellant had made substantial understatements of her income for the years in question. No reversible error appears in the record and it is ordered that the judgment of the District Court be and it hereby is affirmed.