MADELINE V. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 70806. Filed July 30, 1959.

*David Hanover, Esq.,* for the petitioner.
*Lester R. Uretz, Esq.,* for the respondent.

MULRONEY, *Judge:* The respondent determined deficiencies in in-
come tax and additions to the tax of petitioner, as follows:

| Year | Deficiency | Addition to tax, sec. 293(b), I.R.C. 1939 |
|---|---|---|
| 1946 | $20,969.13 | $10,484.57 |
| 1947 | 16,036.83 | 8,018.42 |
| 1948 | 9,653.49 | 4,826.75 |
| 1949 | 11,636.95 | 5,818.48 |
| 1950 | 11,527.07 | 5,763.54 |

The petitioner did not contest the deficiencies in tax as determined
above and the only question is whether a part of the deficiences for
each of the taxable years is due to fraud with intent to evade tax.

FINDINGS OF FACT.

Some of the facts were stipulated and they are found accordingly.

Petitioner is an attorney practicing law in Memphis, Tennessee.
She filed her income tax returns for the calendar years 1946 to 1950,
inclusive, with the then collector of internal revenue at Nashville,
Tennessee.

During the years in question and for many years prior thereto
petitioner's law practice was confined primarily to the handling of
divorce cases. The deficiencies in tax, which petitioner does not ques-
tion, are based upon respondent's determination that petitioner failed
to report all of her gross professional receipts for each of the years
involved.

When the revenue agent called on petitioner in December 1951,
petitioner turned over to him her ledger sheets for each client with
respect to the year 1948 and her passbook relating to her checking
account at the First National Bank of Memphis. The agent made a
transcript of the client ledger sheets. A few days later he returned
the original sheets and the passbook to petitioner and secured the
books for 1949 and 1950 and at that time petitioner told the agent she
knew that she had been very negligent in keeping records for 1948,
1949, and 1950 and she proposed that the agent compute her tax based
on the total deposits shown in the passbook. The agent asked her
if that was the only bank account she had during those years and she
replied that was the only account. At said time she had a savings

account in said bank in which some $40,000 had been deposited during those 3 years and in which there was then some $10,000 on deposit. There was also a building account in that bank which had been opened in 1949 and closed in 1950 and a small Christmas savings club account in another bank. Petitioner told the agent her books for 1946 and 1947 had been destroyed in a fire.

In a stipulation of facts filed in this case, petitioner admitted: (1) That during the years 1948, 1949, and 1950 she received fees from 188 clients in the total sum of $26,333.83 which were not recorded on her books or records or reported for income tax purposes; (2) that during the years 1948, 1949, and 1950 she understated fees received from 68 clients totaling $4,962.68 both on her books and in her income tax returns; (3) that during the years 1948 and 1949 she received fees from 50 clients totaling $2,151 which were recorded on her books and records but not reported in her income tax returns for said years; and (4) that during the years 1948, 1949, and 1950 she received fees and court cost refunds in the total sum of $1,853.55 from the Shelby County Circuit Court which were not recorded on her books or records or reported in her income tax returns for said years; that, in addition to the 188 clients set forth in (1) above, she also received fees in some amount, in the years 1948, 1949, and 1950 from 179 other clients which were not recorded on her books or records or reported for income tax purposes.

For each of the years in question the amount of net income reported on petitioner's returns, the net income as corrected by respondent, and the understatement of net income are as follows:

| Year | Reported net income | Corrected net income | Understatement of net income |
|---|---|---|---|
| 1946 | $16,121.26 | $50,627.44 | $34,506.18 |
| 1947 | 12,393.55 | 41,037.95 | 28,644.40 |
| 1948 | (17,981.52) | 27,126.74 | 45,108.26 |
| 1949 | 8,119.23 | 33,231.26 | 25,112.03 |
| 1950 | 8,445.74 | 32,785.91 | 24,340.17 |
| | 27,098.26 | 184,809.30 | 157,711.04 |

On February 14, 1956, in the United States District Court for the Western District of Tennessee, the petitioner was convicted upon a plea of not guilty under section 145(b) of the Internal Revenue Code of 1939 for willfully and knowingly attempting to defeat or evade a large part of the income tax due and owing by her to the United States for the calendar years 1949 and 1950 by filing false and fraudulent returns for said years. She was sentenced to 3 years imprisonment for evasion of tax for each of the years 1949 and 1950 with sentences to run concurrently and she was also fined $5,000 for each of the years 1949 and 1950, plus court costs.

The decision of the District Court was affirmed by the Court of Appeals for the Sixth Circuit in *Smith* v. *United States*, (C.A. 6, 1956) 239 F. 2d 168, and the decision became final upon the denial of a petition for certiorari by the United States Supreme Court on June 3, 1957. *Smith* v. *United States*, 353 U.S. 989.

A part of the deficiency for each of the years 1946 to 1950, inclusive, was due to fraud with intent to evade tax.

### OPINION.

The only question in this case is whether a part of the deficiency for each of the taxable years involved is due to fraud with intent to evade tax. Sec. 293(b), I.R.C. 1939. The burden of proof on this issue was on respondent. Sec. 1112, I.R.C. 1939.

We have set forth in our Findings of Fact the large omissions and understatements of gross professional receipts during the years 1948, 1949, and 1950 that petitioner admitted in the filed stipulation. Petitioner was present in the courtroom at the time of trial but she did not testify or introduce any evidence. The only permissible inference from such a mass of unexplained omissions and understatements is that they were deliberate and not inadvertent or the result of mistake. Such evidence of deliberate omissions and understatements of fee income is a clear showing of fraudulent intent on the part of petitioner. *Max Cohen*, 9 T.C. 1156, affd. 176 F. 2d 394.

In addition, on the issue of fraud for all of the years involved, we have the evidence of the exceedingly large discrepancies between petitioner's actual net income and the net income she reported on her returns, all set forth in our Findings of Fact, and again unexplained by petitioner, who failed to testify or introduce any evidence by way of explanation. *Rogers* v. *Commissioner*, 111 F. 2d 987, affirming 38 B.T.A. 16.

Further evidence of fraud is found in petitioner's conduct in falsely stating to the agent that she had but one bank account. Also her conviction of criminal tax evasion for 2 of the 5 years here in issue is evidence of fraud. *Eugene Vassalo*, 23 T.C. 656; *Abraham Galant*, 26 T.C. 354.

We hold respondent sustained his burden of establishing by clear and convincing evidence that a part of the deficiency for each of the years involved was due to fraud with intent to evade tax.

Respondent argues petitioner is collaterally estopped from denying the fraud for the taxable years 1949 and 1950 by reason of her conviction for criminal fraud for those years. Our holding for respondent on the fraud issue on the merits renders a decision on this last contention unnecessary. But see *Meyer J. Safra*, 30 T.C. 1026, where such a plea of collateral estoppel was denied.

*Decision will be entered for the respondent.*