HERMON B. WALKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 2410-77.
United States Tax Court
T.C. Memo 1978-199; 1978 Tax Ct. Memo LEXIS 315; 37 T.C.M. (CCH) 854; T.C.M. (RIA) 780199; May 31, 1978, Filed Hermon B. Walker, pro se. Elizabeth DePriest, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case is before the Court on respondent's motion for judgment on the pleadings filed pursuant to Rule 120 of the Rules of Practice and Procedure of this Court. In dispute are the following determined deficiencies in petitioner's Federal income taxes and additions to tax under section 6653(b): [1]/ Addition to Tax Year
Deficiency
under sec. 6653(b)
1969
$ 4,681
$ 2,340
1970
5,355
2,678
1971
11,462
5,731
1972
1,435
1,718
1973
6,308
3,154
1974
3,619
2,559
$32,860
$18,180
*316 In his answer to the amended petition, respondent alleged that the deficiencies for 1972 and 1974 were $3,435 and $5,119, respectively. On May 19, 1977, petitioner filed an amendment to his petition. On June 13, 1977, respondent filed an Answer to Petition, as Amended, affirmatively alleging facts in support of the determined deficiencies and additions to tax under section 6653(b) as well as facts to support the additional deficiencies claimed for 1972 and 1974. Petitioner did not file a reply within the time prescribed by Rule 37(a), Tax Court Rules of Practice and Procedure. On August 30, 1977, respondent filed a motion under Rule 37(c), Tax Court Rules of Practice and Procedure, requesting that the Court enter an order "that the undenied allegations of fact set forth in paragraph 7, and all subparagraphs thereunder, of the answer to petition, as amended, be deemed to be admitted." On August 31, 1977, this Court issued to petitioner a Notice of Filing of Motion for Order under Rule 37 and therein stated that if he filed a *317 proper reply by September 15, 1977, respondent's motion would be denied, but if a reply was not timely filed the Court would act on the motion at its own discretion at a hearing calendared for September 28, 1977. Petitioner neither filed a reply pursuant to the notice nor appeared at the scheduled hearing. At the hearing, respondent's motion was granted and, on that same date, this Court issued an order stating that the undenied allegations of fact in paragraph 7, and all subparagraphs thereunder, are deemed admitted. On January 18, 1978, respondent filed the motion for judgment on the pleadings which is presently before the Court. Although notice was given of a hearing on that motion, petitioner failed to appear at the hearing and made no written response to it. The following statement of facts is taken from those portions of petitioner's petition admitted by respondent and the undenied allegations of fact contained in respondent's Answer to Petition, as Amended, deemed to be admitted pursuant to this Court's order of September 28, 1977. ADMITTED FACTS When he filed his petition and amended petition, petitioner was a legal resident of Rapid City, South Dakota. Petitioner *318 did not file Federal income tax returns for 1969 through 1974. The only payments made toward his Federal income taxes during this period were $2,000 and $1,500 payments in 1972 and 1974, respectively. During 1969 through 1974, petitioner was a partner in the law firm of Molstad and Walker in Sturgis, South Dakota. During those years, petitioner and his law partner, among other activities, prepared Federal income tax returns for clients in the course of their law practice. During the years in issue, petitioner received the following amounts of taxable income: Year
Amount
1969
$14,554
1970
16,880
1971
29,484
1972
11,780
1973
18,609
1974
15,349 In addition to the income derived from his law partnership, petitioner received income from two small business corporations, from the sales of livestock and capital assets, and from interest and dividend payments. Petitioner's tax liability for those years was as follows: Year
Amount
1969
$ 4,681
1970
5,355
1971
11,462
1972
3,435
1973
6,308
1974
5,119
Petitioner made statements to the Internal Revenue Service agents during their investigation of his tax matters that he had filed *319 Federal income tax returns for the years in issue. Petitioner was indicted for willful failure to file Federal income tax returns in violation of section 7203 for the years 1969, 1970, and 1971. On May 27, 1975, petitioner pleaded nolocontendere to the counts of the indictment charging him with willful failure to file income tax returns for the years 1970 and 1971, and he was convicted and sentenced on that charge. OPINION 1. Deficiencies
Petitioner alleged in his petition and amended petition that respondent had erred in arriving at the determined deficiencies for 1969 through 1974. However, among the affirmative allegations of fact which were deemed to be admitted by our September 28, 1977, order were subparagraphs 7(k) and (l) of respondent's Answer to Petition, as Amended. These subparagraphs read as follows: (k) The deficiencies in income taxes due from the petitioner for the taxable years 1969 through 1974 are in the respective amounts of $4,681.00, $5,355.00, $11,462.00, $3,435.00, $6,308.00 and $5,119.00. (l) Petitioner failed to pay any portion of the income tax liability due from him for the years 1969 through 1974, except that petitioner made *320 payments of $2,000.00 and $1,500.00 to be applied to his 1972 and 1974 income tax liabilities, respectively. These admitted facts establish that petitioner had deficiencies for the years 1969 through 1974 in Federal income tax in the amounts as listed in subparagraph (k), quoted above. Black v. Commissioner,19 T.C. 474 (1952). 2. Section 6653(b) Fraud Penalty
Respondent has the burden of proving that at least part of the underpayment of tax for the years in issue was due to fraud within the meaning of section 6653(b). [2]/ Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. The facts deemed admitted in the September 28, 1977, order issued pursuant to Rule 37(c), Tax Court Rules of Practice and Procedure, satisfy that burden. Gilday v. Commissioner,62 T.C. 260, 262 (1974). Petitioner did not file Federal income tax returns for the years 1969 through 1974. Although failure *321 to file returns alone is not conclusive evidence of fraud, Beaver v. Commissioner,55 T.C. 85, 93 (1970), such failure together with other established facts demonstrate requisite fraudulent intent. Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), affg. in part a Memorandum Opinion of this Court. Since petitioner and his law partner prepared Federal income tax returns in the course of their law practice, petitioner obviously was aware that he was required to file income tax returns. His failure to do so over a period of several years, knowing that he had substantial income each year, can be interpreted to mean only that he hoped to evade the payment of taxes which were lawfully due. Further support for our conclusion is provided by petitioner's misleading and false statements made to the Internal Revenue Service agents that he had in fact filed returns for the years in issue. Smith v. Commissioner,32 T.C. 985, 987 (1959). Respondent's motion for judgment on the pleadings under Rule 120 of the Rules of Practice and Procedure of this Court will be granted.
An appropriate order and decision will be entered. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.
2. / SEC. 6653. FAILURE TO PAY TAX. (b) Fraud.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *↩