A. GROVER GIFFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gifford v. Commissioner
Docket No. 10376-77.
United States Tax Court
T.C. Memo 1980-351; 1980 Tax Ct. Memo LEXIS 234; 40 T.C.M. (CCH) 1115; T.C.M. (RIA) 80351; September 2, 1980, Filed Richard W. Kennedy, for the respondent. SCOTT
MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax under sections 6653(b) and 6654, I.R.C. 1954, [1] for the years and in the amounts as follows: *235 Additions to Tax, I.R.C. 1954
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1965
$18,674.04
$ 9,337.02
$ 522.88
1966
3,723.36
1,861.68
104.26
1967
1,003.61
501.81
32.12
1968
2,123.77
1,061.89
66.19
1969
55,079.34
27,539.67
1,762.54
When this case was called from the calendar, and again when the case was called for trial, there was no appearance by or on behalf of petitioner. Between the time the case was called from the calendar and the time the case was called for trial, petitioner had been notified that his failure to appear at the trial court result in a dismissal of the case and a determination that the deficiencies set forth in the notice of deficiency were due from him. When petitioner failed to appear at the trial, respondent orally moved that the case be dismissed for failure to properly prosecute as to the deficiencies in tax and the additions to tax under section 6651. Respondent further moved that the Court determine that the deficiencies and the additions to tax under section 6654 for underpayment of estimated tax as set forth in the statutory notice of deficiency were due from petitioner. This oral motion of respondent's *236 is granted. Therefore, the only issue for decision in this case is whether respondent has established that a portion of the deficiency in each of the years here involved was due to fraud with intent to evade tax. FINDINGS OF FACT Petitioner resided in Salt Lake City, Utah, at the time of the filing of his petition in this case. During the years here involved, petitioner was the president and a stockholder of Colonial Investment Corporation, Affiliated Recreations, Inc., and Destination, Inc. He was also a director of these corporations and other corporations during the years here in issue. Petitioner was an organizer of a number of corporations. He also promoted sales of stock in the corporations he had organized and other corporations. Petitioner filed no Federal income tax returns for the years 1965, 1966, 1967, 1968, and 1969. For the years 1961, 1962, 1963, and 1964 petitioner had filed Federal income tax returns. During the years 1965 and 1966 petitioner maintained an account in his name designated "SPECIAL ACCOUNT" at Zions First National Bank. During these years he and Vera G. Gifford maintained a joint account at Beehive State Bank and also maintained a joint *237 account at First Security Bank of Utah. During 1966 petitioner and Vera G. Gifford also maintained a joint account at Draper National Bank. The following schedule shows the total deposits made by petitioner to each of these accounts in the calendar year 1965 and the calendar year 1966. 1965
Bank
Total Deposits
Zions First National Bank
$33,629.26
Commercial Security Bank
4,598.31
First Security Bank of Utah
9,538.67
TOTAL
$47,766.24
1966
Bank
Total Deposits
Zions First National Bank
$ 1,560.00
Commercial Security Bank
1,420.00
First Security Bank of Utah
12,875.00
Draper National Bank
2,089.50
TOTAL
$17,944.50
During the calendar year 1967, petitioner received checks which he deposited in his own personal checking account from the sources indicated and in the amounts shown in the following schedule: Source
Amount
Colonial Investment
$ 3,390.00
Affiliated Recreation
300.00
Noel Bateman
1,000.00
Gene Willougby
1,000.00
Palmer Cundick
1,500.00
Arnold Youngberry
500.00
Herbert Milburn
3,500.00
Miscellaneous Checks
3,500.00
TOTAL
$14,190.00
During the calendar year 1968, petitioner received checks *238 which were deposited into his personal accounts from the following sources and in the amounts indicated below: Source
Amount
Colonial Investment
$ 8,300.00
Affiliated Recreation
400.00
Business Affiliates
International
4,850.00
TOTAL
$13,550.00
During the calendar year 1969, petitioner received numerous checks from Business Affiliates International which he deposited into his personal account and in addition received other checks which he deposited into his personal account from the sources and in the amounts set forth below: Source
Amount
Colonial Investment
$14,558.94
Tracy-Conrad & Company
960.00
Noel Bateman
2,000.00
Carl Olson
1,000.00
Rex Bood
1,000.00
LeMar Fiet
1,000.00
Frank Reilly
1,000.00
Vern Corporon
1,000.00
Sally Brady
985.97
Monty Scoville
2,730.40
When agents of the Internal Revenue Service commenced their investigation of petitioner's tax liability for the years 1965 through 1969, petitioner was uncooperative in scheduling appointments and meetings with the agents. When the agents, during the course of the examination, did meet with petitioner and his representative, petitioner did not make available *239 books and records showing his receipt of income but did provide the agents with some documents which petitioner stated related to expenses. The documents provided to the agents were not books but were miscellaneous individual pieces of paper in a large box. Respondent's agents were unable to determine petitioner's taxable income for any of the years here in issue from the records provided and therefore began an investigation of third party sources to determine petitioner's income for the years here in issue. The third party sources investigated by the agents included records of stock sales, brokerage accounts, and petitioner's bank records. Petitioner had not provided the agents with his records of stock sales and brokerage accounts. Based on the information they obtained from third party records consisting of bank deposits, cash payments, land sales, and stock sales, the agents determined petitioner's income for each of the years here in issue. When petitioner did meet with the agents of the Internal Revenue Service, he maintained that he had filed income tax returns for the calendar years 1965 and 1966 when in fact he had not.
During 1968 petitioner executed a loan application *240 "Customer's Statement" on which he showed monthly salary or wages of $1,200. On a loan application "Buyer's Statement," which petitioner executed in 1969, he showed monthly take-home salary of $3,000. In each of the years 1965 through 1969, petitioner paid amounts to the Church of Jesus Christ of Latter-day Saints which he considered to be a tithe. Petitioner determined the amount to be paid to the Church of Jesus Christ of Latter-day Saints as a tithe by subtracting from moneys he received as salaries or commission the part which he considered to be for his expenses. He then computed his tithe at 10 percent of the remaining amount. Petitioner paid tithing to the Church of Jesus Christ of Latter-day Saints in the amounts and for the years indicated below: Taxable Year
Tithing
1965
$ 1,100.00
1966
300.00
1967
845.00
1968
1,050.00
1969
600.00
Petitioner was charged with violation of section 7203 for willfully failing to file Federal income tax returns for each of the years 1967, 1968, and 1969. After a jury trial petitioner was, on May 16, 1974, found guilty by the United States District Court for the District of Utah of violation of section 7203 for *241 the years 1968 and 1969. He was acquitted as to the year 1967. The United States Court of Appeals for the Tenth Circuit upheld petitioner's conviction of violations of section 7203 for the years 1968 and 1969 on March 18, 1975. ULTIMATE FINDINGS OF FACT A part of the underpayment of tax required to be shown by petitioner on a return for each of the years 1965, 1966, 1967, 1968, and 1969 is due to fraud. OPINION Section 6653(b) provides for an addition to tax of 50 percent of the underpayment if any part of the underpayment of tax is due to fraud. "Fraud" as used in section 6653(b) means "intentional wrongdoing on the part of a taxpayer motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3rd Cir. 1968). Respondent has the burden of showing by clear and convincing evidence that some part of an underpayment of tax by a taxpayer is due to fraud with intent to evade tax. Ruidoso Racing Association v. Commissioner,476 F.2d 502, 505 (10th Cir. 1973), affirming a Memorandum Opinion of this Court. In order to establish fraud, respondent must show conduct on the part of *242 a taxpayer which clearly indicates his intent to evade tax. Such conduct may consist of concealing sources of income, falsifying or destroying records, or "any conduct, the likely effect of which would be to mislead or conceal." Spies v. United States,317 U.S. 492, 499 (1943); Stone v. Commissioner,56 T.C. 213, 224 (1971). Even though we have granted respondent's motion to determine the deficiencies as set forth in the statutory notice of deficiency because of petitioner's failure to properly prosecute, respondent may not rely on these deficiencies to establish fraud. He must affirmatively show an underpayment of tax with intent to evade tax. Here the record clearly establishes an underpayment of tax by petitioner in each of the years 1965 through 1968. The record shows that petitioner was engaged in income-producing activities in each of these years and received amounts which clearly constituted gross income but did not file a Federal income tax return. The evidence shows that petitioner knew that he had sufficient net income to be required to pay an income tax in each of the years here in issue. He knew he was required to file a return. Respondent *243 established that when agents were investigating petitioner's tax liability for each of the years here involved, petitioner did not cooperate with the agents. The agents therefore found it necessary to determine his income from third party sources. When the failure to report large amounts of known income over a long period of years is unexplained, the clear inference is that petitioner's failure to report these large amounts is with the intent to evade tax. Smith v. Commissioner,32 T.C. 985, 987 (1959). In addition to the inference that may be drawn from petitioner's failure to report large amounts of known income for a period of five years, we have affirmative evidence of petitioner's attempt to conceal the true amount of his income from the agents who were investigating his return. Considering the evidence in this record as a whole, we conclude that respondent has established by clear and convincing evidence that a part of the underpayment of tax in each of the years here in issue was due to fraud. We sustain respondent's determination of deficiencies in tax and in additions to tax under sections 6653(b) and 6654. An appropriate order and decision will *244 be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect in the year in issue.↩