WILLIAM STEINSMITH and BORGNY STEINSMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steinsmith v. Commissioner
Docket No. 3630-87
United States Tax Court
T.C. Memo 1990-397; 1990 Tax Ct. Memo LEXIS 414; 60 T.C.M. (CCH) 297; T.C.M. (RIA) 90397; July 30, 1990, Filed *414 Decision will be entered under Rule 155. Fred Alan Jones, for the petitioners. Elizabeth Groenewegen, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined that petitioners are liable for additions to tax for fraud pursuant to section 6653(b)[1] as follows: Additions to Tax
Year
Section 6653(b)
1975
$ 1,007
1976
1,327
1977
1,290
1978
1,007
*415 At issue is whether both petitioners are so liable. FINDINGS OF FACT Some of the fact have been stipulated and are so found. The stipulations of facts and accompanying exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided in San Francisco, California, when their petition was filed. Petitioners timely filed joint Federal income tax returns for 1971 through 1974. They did not file income tax returns for 1975 through 1978 until December 3, 1982, at which time they also filed tax returns for 1979, 1980, and 1981. During the years in issue, Borgny Steinsmith (Mrs. Steinsmith) was not employed. William Steinsmith (petitioner), an internist, was employed by the City and County of San Francisco, principally at Laguna Honda Hospital. He also maintained a limited private medical practice. While in medical school, petitioner read publications regarding *416 monetary policy. Based upon his reading, he learned that American currency was no longer backed by gold or silver coins. He became convinced that the American currency system was not constitutionally sound. He shared his views with his colleagues, friends, acquaintances, family, and the State of California tax authority, but not with the Internal Revenue Service until November 8, 1979, at the earliest. Petitioner refused to file Federal income tax returns because he believed that the United States "currency is not constitutionally wholesome." He felt that "asserting on a form under [penalties of] perjury [that] I received 'X' dollars * * * is actual perjury, technical perjury and a stab in the heart of the Constitution to boot." In June 1976, he filed with his employer a Form W-4, Employee's Withholding Exemption Certificate, on which he claimed 99 exemptions, although he and Mrs. Steinsmith had no dependents. He also claimed that he was exempt from taxation. In doing so, he followed the recommendation of a tax protestor publication called "Tax Revolt." Discovering that petitioner and Mrs. Steinsmith had failed to file returns, an IRS agent requested a meeting with both *417 of them. Only petitioner accepted the IRS invitation. Petitioner, together with his attorney, met with the agent on May 15, 1978. Petitioner requested permission to record the meeting, but the request was denied because the IRS then had a policy not to permit meetings to be tape recorded. (This policy has subsequently been changed.) Thereupon, petitioner refused to discuss his reasons for failing to file tax returns, and the meeting promptly terminated. Petitioners' failure to file was then referred to the IRS's criminal investigation division for appropriate action. Subsequently, petitioners were invited to attend a conference at the IRS District Counsel Office in San Francisco on November 8, 1979. Petitioner came to the conference without an attorney; Mrs. Steinsmith did not attend. The purpose of the conference was to afford petitioners an opportunity to discuss their reasons for not filing. Petitioner's defense was that he was " not a person" required to file. At that meeting he stated his constitutional objections and presented some documents which he believed supported his position. In April 1982, petitioner was indicted on four counts of violating section 7203 for *418 willful failure to file Federal income tax returns for 1975, 1976, 1977, and 1978. After a jury trial, he was convicted of the charges and, on December 8, 1982, he was sentenced to one year in prison and two years' probation. A condition of probation was that petitioner file income tax returns for 1975 through 1978 and submit copies thereof to his probation officer. On December 3, 1982, which was after petitioner was convicted but shortly before he was sentenced, petitioners filed joint Federal income tax returns for years 1975 through 1978. These late filed returns disclosed that petitioner received income from services rendered as follows: Year
Income
1975
$ 16,179
1976
15,772
1977
21,739
1978
18,143
The returns reported the following tax liabilities: Year
Tax Liability
1975
$ 3,250
1976
3,024
1977
3,367
1978
2,436
OPINION The sole issue involved herein is whether petitioners are liable for the additions to tax for fraud for each of the years in issue. Respondent has the burden of proving fraud by clear *419 and convincing evidence. Sec. 7454(a); Stone v. Commissioner, 56 T.C. 213, 220 (1971); Rule 142(b). This burden may be met by showing that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes, and that there is an underpayment of tax. Candela v. United States, 635 F.2d 1272 (7th Cir. 1980); Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Respondent need not prove the exact amount of income that was fraudulently unreported since the addition to tax, as applicable to the years at issue, applies to the entire deficiency if any part of the underpayment is attributable to fraud. Professional Services v. Commissioner, 79 T.C. 888, 930 (1982). The existence of fraud is a question of fact to be resolved upon a consideration of the whole record. Mensik v. Commissioner, 328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962); *420 Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is not presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Gajewski v. Commissioner, supra at 200. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Spies v. United States, 317 U.S. 492 (1943); Gajewski v. Commissioner, supra at 200; Stone v. Commissioner, supra at 223-224. Courts have relied on a number of "badges of fraud" in deciding section 6653(b) issues. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia is persuasive circumstantial *421 evidence. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. a Memorandum Opinion of this Court. Some cases have held that consistent and substantial understatement of large amounts of taxable income over a period of years, in and of itself, is strong evidence of fraud. Merritt v. Commissioner, 301 F.2d 484 (5th Cir. 1962), affg. a Memorandum Opinion of this Court; Smith v. Commissioner, 32 T.C. 985, 987 (1959). However, the mere failure to report income is not sufficient to establish fraud. Merritt v. Commissioner, supra at 487 (5th Cir. 1962). The additions to tax for fraud must be proved with respect to each spouse separately and cannot be imposed on both spouses simply by virtue of their having filed a joint return. Sec. 6653(b). Thus, we will review the acts of petitioner and Mrs. Steinsmith separately. First, we will consider whether the additions to tax for fraud should be imposed against petitioner. He failed to timely file Federal income tax returns from 1975 through 1978; consequently, he failed to report the income he received from his employment as a physician. In furtherance *422 of his plan to reduce or eliminate the withholding of Federal income taxes from wages received, petitioner filed a false W-4 Form on which he claimed 99 exemptions. He further claimed that he was exempt from Federal income taxes. Such action indicates an attempt to evade the payment of income taxes. Rowlee v. Commissioner, supra.
Reliance upon frivolous tax protestor arguments, which have been repeatedly rejected by the courts, is also evidence of fraud. Castillo v. Commissioner, 84 T.C. 405, 410 (1985). Here, petitioner presented the time-worn argument, which has been rejected by the courts on numerous occasions, that the Federal Reserve notes he received in exchange for his services did not constitute income to him. See United States v. Wangrud, 533 F.2d 495 (9th Cir. 1976); Hatfield v. Commissioner, 68 T.C. 895, 897-899 (1977). Where a taxpayer's failure to file is predicated on totally frivolous arguments, and where *423 the Commissioner has shown substantial amounts of unreported income on which withholding has been reduced or prevented by the submission of false W-4 certificates, we have held that fraud has been established by clear and convincing evidence, justifying the addition to tax pursuant to section 6653(b). Rowlee v. Commissioner, supra at 1123-1126; Hebrank v. Commissioner, 81 T.C. 640, 642 (1983); Stephenson v. Commissioner, supra; Habersham-Bey v. Commissioner, 78 T.C. 304, 313-314 (1982). We reach the same conclusion with respect to petitioner in this case. Petitioner's principal argument for not holding him liable for the fraud additions is that he communicated his views to the Internal Revenue Service and did not attempt to hide his failure to timely file his returns and pay his taxes. We find the argument unpersuasive and contrary to the facts. Petitioner made no attempt to communicate his views to the Internal Revenue Service until after the District Counsel's Office had received a recommendation from the criminal investigation division that petitioner be prosecuted for willful failure to file returns. *424 [2] His views were first expressed to the IRS on November 8, 1979, at a conference held with attorneys of the District Counsel's Office. And his returns for 1975 through 1978 were filed only after his criminal conviction, obviously for the purpose of mitigating the severity of his sentence. Petitioner's reliance on Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982), is misplaced. The facts here are clearly distinguishable from those involved in Raley. However, a decision "squarely in point" on this issue is Edelson v. Commissioner, 829 F.2d 828, 832-833 (9th Cir. 1987), affg. T.C. Memo. 1986-223, the circuit to which an appeal of this case lies. Golsen v. Commissioner, 54 T.C. 742, 756-758 (1970), *425 affd. 445 F.2d 985 (10th Cir. 1971). In Edelsonthe Court of Appeals said: Although distinguishable because it dealt only with undisclosed willful defiance, our court has indirectly considered this issue in Powell v. Granquist, 252 F.2d 56, 61-62 (9th Cir. 1958), where we stated that "it is difficult to see why open defiance of a known law, with no attempt to hide such defiance, should any more negative the existence of fraudulent intent than where defiance in fact is subsequently guised under a claim of ignorance." We read Powell to mean that disclosed defiance, standing alone, would not bar a finding of fraud. Fraud under section 6653 is "intentional wrongdoing on the part of the taxpayer with the specific intent to avoid a tax known to be owing." Akland, 767 F.2d at 621 (citing Conforte v. Commissioner,692 F.2d 587, 592 (9th Cir. 1982)). This definition does not require that the taxpayer hide his defiance from the IRS. Whether or not Edelson disclosed his willful refusal to file is therefore irrelevant to *426 the tax court's finding of fraud and this finding is not clearly erroneous. [829 F.2d at 833.]
Here, in summary, the indicia of petitioner's fraud are: (1) petitioner's failure to file timely returns over an extended period of time; (2) his knowledge of his obligation and duty to file returns; (3) his filing false W-4 forms to reduce or stop the withholding of Federal income taxes on his wages; (4) his failure to file returns based on frivolous and groundless arguments; and (5) his criminal conviction under section 7203 collaterally estopping him from denying that he willfully failed to file returns for the years in issue. Castillo v. Commissioner, 84 T.C. at 409-410. Respondent has proved fraud by clear and convincing evidence with respect to petitioner. We, therefore, sustain respondent's determination that petitioner is liable for the section 6653(b) additions to tax. We now consider whether the additions to tax for fraud should be imposed against Mrs. Steinsmith. She did not espouse frivolous tax-protestor arguments, nor did she file *427 false documents with respondent to prevent the collection of tax. Insofar as Mrs. Steinsmith was concerned, there were only understatements of income later reflected on the delinquent returns. Respondent did not call Mrs. Steinsmith as a witness, and he offered no independent proof that her acts were fraudulent. Thus, we find that Mrs. Steinsmith is not liable for the additions to tax for fraud. We note that the fact that Mrs. Steinsmith was not a party to her husband's fraud does not preclude the assessment of the entire additions to tax for fraud against petitioner individually. Lollis v. Commissioner, 595 F.2d 1189, 1192 (9th Cir. 1979), affg. a Memorandum Opinion of this Court. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. On cross examination petitioner testified as follows: Q In 1976 did you communicate your displeasure about the monetary system to the Internal Revenue Service? A I did not. Q 1977? A I did not. Q In 1978? A I did not. I made no attempt to initiate any contact with the IRS at any time.↩