LOUIS F. CIMINO AND RITA CIMINO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cimino v. Commissioner
Docket No. 28064-92
United States Tax Court
T.C. Memo 1994-80; 1994 Tax Ct. Memo LEXIS 81; 67 T.C.M. (CCH) 2254; February 24, 1994, Filed *81 An order and decision will be entered for respondent. For petitioners, Robert E. Madden. For respondent, Roxann T. Conrad and Joellyn R. Cattell. DAWSON, PAJAK DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. Neither Mr. Madden nor petitioners appeared at the hearing on respondent's motion. Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax Under Sec.
Sec.
Sec.
Year
Deficiency
6653(b)/6653(b)(1)
6653(b)(2)
6661
1975
$    765.44
$    382.72
---
---
1976
10,790.53
5,395.27
---
---
1977
17,135.71
12,737.86
---
---
1978
41,913.32
25,998.66
---
---
1979
57,021.70
28,510.85
---
---
1980
56,216.72
28,108.36
---
---
1981
54,777.64
27,388.82
---
---
1982
47,992.47
23,996.24
[1]
$ 11,998.12
1983
3,040.75
1,520.38
[1]
---
1984
867.00
433.50
[1]
---
*82 When the petition was filed petitioners resided at King of Prussia, Pennsylvania. Respondent timely filed an answer on February 22, 1993. Petitioners failed to reply to respondent's answer. On April 23, 1993, respondent timely filed a motion for entry of order that undenied allegations in the answer be deemed admitted pursuant to Rule 37(c). By a notice dated April 23, 1993, the Court notified petitioners that unless they filed a reply on or before May 13, 1993, the Court would grant respondent's motion, and deem admitted the affirmative allegations in respondent's answer. Petitioners failed to file a reply, and the Court granted respondent's motion on May 21, 1993. The material facts deemed admitted show that: (1) Louis F. Cimino (petitioner) was President of Neshaminy Valley Information Processing (NVIP) from 1975 until 1981, when he retired. (2) NVIP was in the business of selling computer time sharing and programming services. (3) As part of its business, NVIP sold computer time through in-house salespeople and through outside consultants; outside consultants received a commission of approximately 15 to 25 percent as a result of computer time sold for NVIP. (4) Petitioner *83 did cause the formation of Nationwide Information Planning, Inc. and National Computers, Inc., in order to receive commissions for the sale of computer time. (5) Petitioner did cause commission checks to be deposited into the accounts of Nationwide Information Planning, Inc. and National Computers, Inc. and then had checks for his share of the commissions made out to a fictitious name. (6) Claudia Hamilton, a friend of petitioner, opened up bank accounts in fictitious names pursuant to detailed instructions from petitioner. (7) Claudia Hamilton received checks from Nationwide Information Planning, Inc. and National Computers, Inc., in the name of C. Bernd (her maiden name), and she deposited them into accounts she had opened in the name of C. Bernd according to petitioner's instructions. (8) Petitioner instructed Claudia Hamilton to make checks payable out of these accounts in the name of C. Bernd for petitioners' personal expenses. (9) Petitioner utilized a number of bank accounts and checks made out to other persons to conceal his receipt of commissions during the taxable years 1975 through 1984. (10) During the taxable years 1975 through 1984, petitioners received commissions *84 from NVIP through Nationwide Information Planning, Inc. and National Computers, Inc. that were not reported on their income tax returns for those years as follows: Year
Amount of Commissions
1975
$   3,070.00
1976
20,154.00
1977
34,300.75
1978
74,391.00
1979
94,972.00
1980
92,661.00
1981
99,497.00
1982
101,111.00
1983
39,022.00
1984
6,787.00
(11) Petitioners understated their taxable income on their income tax returns for the taxable years 1975 through 1984, in amounts as follows: Year
Amount
1975
$   3,070.00
1976
20,154.00
1977
34,300.75
1978
74,391.00
1979
90,971.00
1980
143,212.00
1981
114,108.93
1982
109,989.93
1983
36,869.00
1984
5,756.00
(12) Petitioners understated their income tax liabilities for the taxable years 1975 through 1984, in amounts as follows: Year
Amount
1975
$    765.44
1976
10,790.53
1977
17,135.71
1978
41,913.32
1979
57,021.70
1980
56,216.72
1981
54,777.64
1982
47,992.47
1983
3,040.75
1984
867.00
(13) Fred Cohen, C.P.A., prepared petitioners' income tax returns for the years 1981 through 1984 from information disclosed by petitioner. (14) Petitioner fraudulently, with intent to evade tax, did *85 not disclose that he received additional income from commissions in the amounts of $ 99,497, $ 101,111, $ 39,022, and $ 6,787 for the taxable years 1981, 1982, 1983, and 1984, respectively, to the preparer of petitioners' income tax returns. (15) During the taxable years 1975 through 1984, petitioner fraudulently, with intent to evade tax, concealed his receipt of commission income by use of various bank accounts and checks made out to other people. (16) Petitioners fraudulently, and with intent to evade tax, omitted from their income tax returns for the taxable years 1975 through 1984, commission income in amounts as follows: Year
Amount of Commissions
1975
$   3,070.00
1976
20,154.00
1977
34,300.75
1978
74,391.00
1979
94,972.00
1980
92,661.00
1981
99,497.00
1982
101,111.00
1983
39,022.00
1984
6,787.00
(17) On January 12, 1990, a two-count Information was filed, charging petitioner with conspiracy to defraud the United States, in violation of 18 U.S.C. section 371 (1988), and with willfully and knowingly filing a false tax return for the year 1983, in violation of section 7206(1). (18) On February 9, 1990, petitioner pleaded *86 guilty to conspiracy to defraud the United States, in that he concealed income to himself between 1975 and 1985, in the amount of approximately $ 565,000, in violation of 18 U.S.C. section 371, and making and subscribing to a false tax return for the year 1983, involving the failure to report income of approximately $ 39,000, in violation of section 7206(1). (19) A part of the understatement of tax required to be shown on petitioners' income tax returns for the taxable years 1975 through 1984 is due to fraud. Respondent filed a motion for summary judgment on October 1, 1993. On November 26, 1993, petitioners filed a motion for a continuance of hearing on respondent's motion for summary judgment, which was granted. On January 12, 1994, the Court had a hearing on respondent's motion for summary judgment. As previously stated, petitioners and their counsel failed to appear at the hearing. Thus, petitioners merely filed the petition, accompanied by a request for place of trial, and a motion for continuance. For the reasons discussed below, we will grant respondent's motion for summary judgment. Rule 121(b) provides that summary judgment shall *87 be rendered if the pleadings, admissions, and affidavits "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The party moving must show that there is no genuine issue of material fact. Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Therefore, the opposing party is afforded the benefit of all reasonable doubt, and any inferences drawn from the facts in the record must be viewed in the light most favorable to the opposing party. Espinoza v. Commissioner, supra at 416. However, the opposing party cannot rest upon the allegations or denials of such party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d); Marshall v. Commissioner, 85 T.C. 267, 271 (1985). When the opposing party fails to set forth specific facts a decision may be entered in favor of the moving party. Rule 121(d). In light of the foregoing admissions by petitioners for the years 1975 through 1984, as to the failure to report commission income, as to the substantial understatements in their taxable *88 income, and as to the substantial understatements of their income tax liabilities, we will grant respondent's motion for summary judgment for the amount of the deficiencies determined in the notice of deficiency for the 10 years in issue. We next consider whether we should grant respondent's motion for summary judgment as to the additions for fraud for the years in issue, and the addition to tax for substantial understatement of tax for the taxable year 1982. Section 6653(b) and section 6653(b)(1) impose a 50-percent addition to tax on an underpayment of tax for a year in which any part of the underpayment is due to fraud. For the taxable years 1983 and 1984, section 6653(b)(2) imposes an addition to tax equal to 50-percent of the interest payable under section 6601 with respect of the portion of the underpayment which is attributable to fraud. For 1982, disregarding a nonapplicable amendment, section 6661(a) imposes an addition to tax equal to 10 percent of the amount of underpayment which is due to a substantial understatement of tax. Respondent bears the burden to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980). *89 Respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). When fraud is determined for more than one taxable year, respondent must show that an underpayment exists and that some part of the underpayment was due to fraud for each year. Otsuki v. Commissioner, 53 T.C. 96, 105 (1969). The existence of fraud is a factual question to be determined upon a consideration of the entire record. Grosshandler v. Commissioner, supra at 19. Fraud is never presumed but must be established by clear and convincing evidence. Id. Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence. Dahlstrom v. Commissioner, T.C. Memo. 1991-264, affd. without published opinion 999 F.2d 1579 (5th Cir. 1993). Fraud may be properly inferred where a taxpayer's entire course of conduct establishes the requisite fraudulent intent. Kotmair v. Commissioner, 86 T.C. 1253, 1260 (1986). *90 Courts have relied on a number of indicia of fraud when they decide civil tax fraud cases. Carter v. Commissioner, T.C. Memo. 1993-610. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia is persuasive evidence. Carter v. Commissioner, supra.
The mere failure to report income is not sufficient to establish fraud. Rowlee v. Commissioner, supra at 1123. Consistent and substantial understatements of large amounts of taxable income over a period of years have been held to be strong evidence of fraud. Smith v. Commissioner, 32 T.C. 985, 987 (1959). Respondent has shown the existence of numerous indicia of fraud. Petitioner had checks for his commissions made out to a fictitious name. Petitioner instructed Claudia Hamilton, a friend, to open bank accounts in fictitious names, to deposit checks into these accounts, and to make checks payable for petitioners' expenses. Petitioner used a number of bank accounts and checks made out to other persons to conceal his receipt of commissions during the *91 taxable years 1975 through 1984. Petitioners received commissions of $ 565,965.75 during the years 1975 through 1984 which were not reported on their Federal income tax returns. Petitioners understated their taxable income on their Federal income tax returns for the years 1975 through 1984 by $ 632,822.61. Petitioners understated their Federal income tax liabilities for the taxable years 1975 through 1984 by $ 290,521.28. These actions evidence petitioners' attempt to evade the payment of Federal income taxes known to be due and owing. Based on the record as a whole, we conclude that respondent has, by clear and convincing evidence, proved that petitioners are liable for the additions to tax due to fraud for each of the 10 years involved. Accordingly, we sustain respondent's determination that petitioners are liable for the additions to tax due to fraud under section 6653(b) for 1975, 1976, 1977, 1978, 1979, 1980, and 1981, under section 6653(b)(1) for 1982, 1983, and 1984, and under section 6653(b)(2) for 1982, 1983, and 1984. We further sustain respondent's determination that petitioners are liable for the addition to tax due to substantial understatement of liability under *92 section 6661(a) for 1982. In their petition, petitioners claimed that respondent incorrectly attributed certain income to petitioners without a factual basis, that respondent failed to accept certain expenses incurred by petitioner, and that respondent incorrectly denied innocent spouse treatment to Rita Cimino pursuant to section 6013. In the deemed admissions, petitioners admitted (1) that unreported commissions were obtained for petitioners' personal expenses, (2) that commission income was not reported on their Federal income tax returns, (3) that their taxable income was understated by the amount determined by respondent, and (4) that they fraudulently, and with intent to evade tax, omitted commission income. Based upon the deemed admissions, we find that there are no material facts in dispute, and we sustain respondent's determination in the statutory notice for each of the 10 years in issue. To reflect the foregoing, An Order and Decision will be entered for respondent. Footnotes
1. 50 percent of the interest due on $ 47,992.47, $ 3,040.75, and $ 867.00 for 1982, 1983, and 1984, respectively.↩