GERTRUDE A. McKENZIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKenzie v. Commissioner
Docket No. 22884-82.
United States Tax Court
T.C. Memo 1987-12; 1987 Tax Ct. Memo LEXIS 12; 52 T.C.M. (CCH) 1327; T.C.M. (RIA) 87012; January 6, 1987. *12 P and her late husband established a "family trust" and began selling to others the materials relating to family trust plans. During 1975 and 1976, P and her husband received income from sales of materials for family trust plans and from other business activities. For 1975 and 1976, P and her husband filed joint returns showing as income only the amounts received for managing the family trust. P and her husband filed fiduciary returns for the family trust for 1975 and 1976. Such returns claimed deductions for personal expenses of P and her husband. Held: (1) The 16th Amendment to the United States Constitution is valid. (2) P, not the family trust, is taxable on all income earned by her and husband during 1975 and 1976. (3) P is liable for self-employment taxes on earnings from sales of family trust plans and from other businesses during 1975 and 1976. (4) P is liable for the addition to tax for fraud under sec. 6653(b), I.R.C. 1954, for 1975 and 1976. Gertrude A. McKenzie, pro se. Sheldon M. Kay, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in and additions to the petitioner's Federal income taxes as follows: Addition to tax
Year
Deficiency
I.R.C. 1954 [1]
1975
$ 8,425.00
$ 4,212.00
1976
33,104.00
16,552.00
After concessions by the parties, the issues remaining for *15 decision are: (1) Whether the 16th Amendment to the United States Constitution is valid; (2) whether the income and expenses for 1975 and 1976 reported by a family trust created by the petitioner's late husband is taxable to the petitioner; (3) whether the petitioner is liable for self-employment tax under section 1401 on earnings from businesses operated by the petitioner and her late husband during 1975 and 1976; and (4) whether the petitioner is liable for additions to tax for fraud under section 6653(b) for 1975 and 1976. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Gertrude A. McKenzie, resided in Janesville, Wisconsin, when she filed the petition in this case. She and her husband, Richard H. McKenzie, filed their joint Federal income tax returns for 1975 and 1976 with the Internal Revenue Service Center in Kansas City, Missouri. Mr. McKenzie died on November 19, 1980. On September 28, 1971, Mr. McKenzie signed a document titled "Declaration of Trust of This Constitutional Trust," which purported *16 to create "The Dick H. McKenzie Family Estate (A Trust)" (the family trust). On September 29, 1971, the McKenzies transferred to the family trust certain property, including their Janesville, Wisconsin, residence, a parcel of land in Colorado, insurance policies, and other personal property. Mr. and Mrs. McKenzie each purported to transfer to the family trust "the exclusive use of my lifetime services and all the currently earned remuneration accruing therefrom." The declaration creating the family trust empowered the trustees to, among other things, make "distribution of portions of the proceeds and income as in their discretion * * * should be made." A majority vote of all trustees was necessary for the trust to take any action. During the years in issue, Mr. McKenzie, Mrs. McKenzie, and James R. Hillman, Mrs. McKenzie's son, were the trustees of the family trust. On November 2, 1971, Mr. McKenzie created an entity called "The McKenzie Educational Trust" (the educational trust) and an entity called "The McKenzie Research Trust" (the research trust). On the same day, the McKenzies caused the family trust to issue 50 "units of beneficial interest" to the educational trust and *17 50 units to the research trust. The certificates evidencing such units of beneficial interest provided that "this Certificate conveys no interest of any kind in the Trust assets, management or control thereof." The McKenzies were the trustees of both the educational trust and the research trust. There were no beneficial owners of either trust. During the years in issue, the McKenzies were involved in several businesses. Safety Magic Sales Company manufactured special automobile controls for the handicapped. Plastic Decal Company made decals for aircraft. There is no evidence concerning the extent of the McKenzies' involvement in such businesses, nor concerning the profitability of such businesses. From 1971 through 1980, the McKenzies sold family trust plans to individuals in the Wisconsin area. The McKenzies charged a minimum of $1,750 for the materials accompanying such trust plans. Often, customers made checks for the trust materials payable to their own educational trusts, of which Mr. McKenzie was a trustee. Mr. McKenzie then endorsed such checks and deposited them in his own educational trust bank account. The McKenzies then transferred such sales receipts to their *18 family trust account. The educational trusts of customers were merely conduits through which sales receipts were passed; they served no other purpose. During their presentations to prospective family trust plan purchasers, the McKenzies stated, or played a tape recording which stated, that the trust plan permitted a taxpayer to control his tax liability. The purchaser was told that he could convey to the trust the right to receive his earnings and that, in return, the trust would pay for and deduct all of the purchaser's personal living expenses except for food and clothing. The only income which would be taxed to the purchaser would be the "fee" that he received for managing the trust, the amount of which could be set by such purchaser. The tape recording provided that no one could have access to trust documents without the consent of the trustees. The McKenzies advised trust purchasers regarding the completion and recordation of trust documents, as well as the completion and filing of individual and fiduciary tax returns. The McKenzies continued to sell trust plans through 1980, even though they had by that time learned of court decisions and rulings issued by the Commissioner *19 which denied the tax benefits that, they claimed, were offered by the trusts. On their 1975 joint return, the McKenzies reported gross income of $699.70, consisting primarily of "contract income" from the family trust. Such return stated that no tax was due. On their 1976 joint return, they reported gross income of $1,140.64, consisting primarily of contract income from the family trust, and showed no tax liability. The McKenzies also filed Federal fiduciary income tax returns on behalf of the family trust for 1975 and 1976. On its fiduciary return for 1975, the family trust reported gross income of $20,914.16 and deducted $27,368.43 as "trust administrative expenses." On its fiduciary return for 1976, the family trust reported income of $23,406.56 and deducted "trust administrative expenses" of $20,866.55. For 1976, the trust reported that it had no taxable income because, in addition to the deduction for trust administrative expenses, it claimed deductions of $100.00 as an exemption, $786.10 as interest, $587.04 as taxes, and $1,066.87 as a distribution to the beneficiaries. Although the family trust filed a Form 1041 K-1 showing such distribution in 1976, no Federal fiduciary *20 income tax return was filed on behalf of the educational trust or the research trust for either 1975 or 1976. On the family trust returns for 1975 and 1976, the McKenzies deducted as administrative expenses the costs of utilities, insurance, telephone service, and repairs that were at least partially attributable to their personal residence. The trust also deducted the cost of cars "leased" from the McKenzies, medical expenses incurred by the McKenzies, and travel and entertainment undertaken by them. There is no evidence showing what portion, if any, of such administrative expenses was properly deductible as expenses incurred as a result of the McKenzies' efforts to sell family trust plans or in connection with any of their other businesses. The McKenzies refused to cooperate with the Commissioner's agent during his examination of their 1975 and 1976 tax returns. They withheld from his all documents, books, and records in their possession which were relevant in computing their tax liabilities, in spite of the agent's requests for such material. The McKenzies also directed their bank not to cooperate with the Commissioner's summons for their bank records. Mrs. McKenzie sent *21 a letter to the examining agent in which she stated that the books and records of the family trust were not subject to examination by the Commissioner. She repeatedly sought immunity for any deficiencies and additions which the Commissioner might impose. On June 14, 1982, the Commissioner issued a notice of deficiency for 1975 and 1976 to Mrs. McKenzie as an individual and as the special administrator of the Estate of Richard H. McKenzie. In such notice, he calculated the McKenzies' gross income using the bank deposit method and determined that they had underreported their income by $29,638 in 1975 and by $83,670 in 1976. He also determined that some of the omitted income had been reported by the family trust and that such income was taxable to the McKenzies. He also determined that they were liable for self-employment taxes on net earnings from businesses operated by them in such years. He further determined that the McKenzies were liable for the addition to tax for fraud under section 6653(b) for 1975 and 1976. The original petition in this case was filed by Mrs. McKenzie as an individual and as the special administrator of the Estate of Richard H. McKenzie. This Court subsequently *22 dismissed the case as to the estate since Mrs. McKenzie had no authority to represent the estate. OPINION This case is the second in which Mrs. McKenzie challenges the Commissioner's determinations with respect to her family trust. In Dick H. McKenzie Family Est. v. Commissioner,T.C. Memo. 1984-9, we considered, with respect to prior taxable years, many of the same issues raised herein by the petitioner. The petitioner first claims that the income tax is unconstitutional due to defects in the ratification of the 16th Amendment and that the Tax Court lacks jurisdiction over her case. She further argues that the Constitution does not permit a tax on wages. These arguments have been repeatedly considered and rejected by this Court. See Rowlee v. Commissioner,80 T.C. 1111, 1120 (1983); Mitchell v. Commissioner,T.C. Memo. 1985-239; Baker v. Commissioner,T.C. Memo. 1978-60, affd. without published opinion 639 F.2d 787 (9th Cir. 1980). Accordingly, we deem Mrs. McKenzie's contention meritless. The next issue for decision is whether the income and expenses reported by the family trust for 1975 *23 and 1976 are taxable to the petitioner. [2] The Commissioner maintains that such income and expenses are taxable to Mrs. McKenzie because of the applicability of the grantor trust provisions of sections 671 through 677. When the grantor of a trust retains any of the powers described in sections 673 through 677, he is treated, for income tax purposes, as the "owner" of that portion of the trust over which the power extends. When a grantor is so treated, section 671 includes in his income "those items of income, deductions, and credits against tax of the trust which are attributable to that portion of the trust to the extent such items would be taken into account * * * in computing taxable income or credits against the tax of an individual." Secs. 1.671-2, 1.671-3, Income Tax Regs. One of the retained powers which will trigger the operation of the grantor trust provisions is described in section 674. Section 674(a) provides that the grantor shall be treated as the "owner of any portion of a trust in respect of which the beneficial enjoyment of the corpus or the income therefrom is subject to a power of disposition, exercisable by the grantor or a nonadverse party, or both, without *24 the approval or consent of any adverse party." This and other courts have repeatedly held that taxpayers cannot avoid their tax liabilities through the creation of family trusts, such as the one formed by Mr. McKenzie. See, e.g., Schulz v. Commissioner,686 F.2d 490 (7th Cir. 1982), affg. a Memorandum Opinion of this Court; Horvat v. Commissioner,671 F.2d 990 (7th Cir. 1982), affg. per curiam a Memorandum Opinion of this Court; Luman v. Commissioner,79 T.C. 846 (1982). The present case requires the same conclusion. Under the terms of the family trust declaration, the petitioner and her husband, who constituted a majority of the trustees of the family trust during the years in issue, were authorized to distribute trust income and proceeds in their discretion. Although the research trust and the educational trust were the nominal beneficiaries of the family trust, such beneficiaries never reported any *25 distributions from the family trust during the years in issue. In fact, Mrs. McKenzie testified that the educational trust served merely as a conduit to pass receipts from the sale of trust packages to the family trust. In our judgment, the McKenzies' exercise of their powers over the family trust was in no way limited by the existence of the educational and research trusts. Mrs. McKenzie and her husband had the power to control and dispose of trust income. Consequently, all the income and expenses reported by the family trust for 1975 and 1976 are taxable to the petitioner, pursuant to sections 671 and 674(a). Schulz v. Commissioner,supra;Wesenberg v. Commissioner,69 T.C. 1005 (1978). [3]
The next issue for decision is whether the petitioner is liable for self-employment taxes on earnings from businesses operated by the petitioner and her late husband during 1975 and 1976. The Commissioner determined that the McKenzies received income from sales of family trusts, sales of Plastic *26 Decal Company, and sales of Safety Magic Sales Company and that such income was subject to self-employment tax under section 1401. Mrs. McKenzie has the burden of proving the Commissioner's determinations to be erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure.[4] She offered no evidence at trial nor did she make any arguments on brief concerning such determinations. Therefore, we conclude that she has failed to sustain her burden of proof with respect to this issue. The final issue for decision is whether the petitioner is liable for additions to tax for fraud under section 6653(b) for 1975 and 1976. To support his claim of fraud, the Commissioner has the burden of proving, by clear and convincing evidence, that the McKenzies fraudulently underpaid their income tax due for each of the years in issue. Sec. 7454(a); Rule 142(b). The Commissioner must show that the McKenzies intended to evade taxes which they knew or believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); *27 Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Since direct evidence of fraud is rarely available, circumstantial evidence may be considered. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). A taxpayer's entire course of conduct can be relied on to establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). In our judgment, the Commissioner has clearly met his burden of proving fraud for both 1975 and 1976. Mrs. McKenzie's entire course of conduct, both during the years in issue and during the Commissioner's examination, shows *28 a blatant contempt for the tax laws and an intent to conceal her tax liability. The consistent and substantial omission of income and overstatement of deductions on returns which are filed are highly persuasive evidence of fraud. Marcus v. Commissioner,70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); Harper v. Commissioner,54 T.C. 1121, 1139 (1970). On the joint returns the McKenzies filed for 1975 and 1976, they omitted virtually all of their income, reporting only the "contract income" that they received from the family trust. On the trust returns that they filed for the family trust for 1975 and 1976, they substantially understated their gross income and deducted as "trust administrative expenses" many items of a clearly personal nature. The McKenzies failed to file fiduciary income tax returns for their educational and research trusts for 1975 and 1976, even though such trusts allegedly received a distribution from the family trust in 1976. The McKenzies began selling family trust plans in 1971. The unusual manner in which they received payment for such trust plans also shows a pattern *29 of concealment. They reguired each trust plan purchaser to create an "educational trust" and to appoint Mr. McKenzie as the trustee of such trust. Each customer paid for the trust materials with a check payable to such educational trust. Mr. McKenzie then endorsed such check as trustee and deposited it in the account of his own educational trust. Thus, the customers' educational trusts served solely as vehicles to pay the McKenzies; such trusts had no other purpose. The McKenzies never explained to their customers the necessity of such a convoluted payment scheme; they merely assured each customer that such a procedure insured that the family trust was "legal." A taxpayer's knowledge of business and tax return preparation is a factor which may be taken into consideration in deciding whether there is fraud. See Galant v. Commissioner,26 T.C. 354, 365 (1956). The record shows that at least Mr. McKenzie had some tax knowledge. He researched the family trust concept before becoming involved with it. The McKenzies were involved with several other businesses during the time that they sold the family trust plans. Finally, during each year in issue, they repeatedly *30 gave legal and tax advice to trust plan customers concerning the completion and recordation of trust documents and concerning the completion and filing of individual and fiduciary returns. We conclude that the petitioner and Mr. McKenzie had some sophistication in business and tax matters during 1975 and 1976 and that they fully understood what they were doing when they failed to report properly their income and deductions. The conduct of the McKenzies after the years in issue may also cast some light upon their intent during the years before us. See Estate of Upshaw v. Commissioner,416 F.2d 737, 741 (7th Cir. 1969), affg. a Memorandum Opinion of this Court; Smith v. Commissioner,32 T.C. 985, 987 (1959). The McKenzies continued to promote family trust plans and to counsel the purchasers of such plans until 1980, long after they became aware that the courts had rejected such trusts as tax-savings devices. In addition, the McKenzies refused to cooperate at all with the Commissioner's investigation of their tax liability. Mrs. McKenzie refused to furnish any documents, books, or records to the Commissioner's agent during his investigation. Whe *31 directed her banks not to comply with the Commissioner's summons of her bank records. In our judgment, the petitioner's persistent refusal to recognize adverse authority, her failure to cooperate with the Commissioner's investigation, and her attempts to hinder such investigation are all consistent with the pattern of the McKenzies' willful refusal to pay their taxes. In recent years, taxpayers have brought a number of cases before this Court without legal justification and solely for the purpose of protesting the Federal tax laws. In several of these cases, we found that the proceedings were instituted for delay and, on our own motion, awarded damages under section 6673. See, e.g., Sydnes v. Commissioner,74 T.C. 864 (1980), affd. 647 F.2d 813 (8th Cir. 1981); Zettner v. Commissioner,T.C. Memo. 1984-463; Ballard v. Commissioner,T.C. Memo. 1982-56. This case seems similarly marked by a lack of good faith on the part of Mrs. McKenzie. She challenged the Commissioner's position with regard to family trusts, even though it had been upheld by this Court on a number of occasions. In fact, Mrs. McKenzie herself had *32 lost on this issue in this Court only a short time after she filed her petition in the instant case. In addition, the brief filed by Mrs. McKenzie completely failed to address the substantive issues involved in this case. Instead, the brief was entirely devoted to frivolous arguments which have been repeatedly rejected by this and other courts. For example, she discussed at length the purported invalidity of the 16th Amendment. She also argued that the Internal Revenue Code does not require her to file a tax return and that the IRS is prohibited by law from examining her financial records without her permission. In our judgment, Mrs. McKenzie was never interested in seriously addressing the issues raised by the Commissioner's notice of deficiency. Rather, she used this proceeding as a means to raise her meritless claims and to delay the collection of her tax liability. For such reasons, we considered awarding damages under section 6673. However, we concluded not to do so because we have found the petitioner liable for the addition to tax for fraud and because she was not instructed at trial that she risked a damage award if she continued to prosecute this action. Decision *33 will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. The Commissioner actually determined that the petitioner was taxable on income in excess of that reported by the family trust, but the petitioner has disputed only her liability for the income reported by the family trust.↩
3. See also Dick H. McKenzie Family Est. v. Commissioner,T.C. Memo. 1984-9; Damm v. Commissioner,T.C. Memo. 1977-194↩.
4. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩