VIRGIL M. WHITESELL AND LOIS WHITESELL,
PETITIONERS *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket Nos. 29402-82, 9885-83.    Filed April 18, 1988.

*Roger G. Cotner*, for the petitioners.
*Peter M. Ritteman*, for the respondent.

OPINION

TANNENWALD, *Judge*: This case is before us on petitioners' motion for reasonable litigation costs under section 7430[1] and Rule 231. Respondent having conceded that petitioners exhausted their administrative remedies, the issues for decision are (1) whether petitioners were prevailing parties within the meaning of section 7430 and, if so, (2) what litigation expenses are recoverable as reasonable.

Petitioners Virgil M. and Lois Whitesell are husband and wife and resided in London, England, at the time they filed their petitions herein.

By notice of deficiency dated September 3, 1982, respondent determined a deficiency in petitioners' Federal income tax for 1978 of $8,770.24 and an addition to tax under section 6653(b) of $4,385.12. The petition relating to this

---

[1]Unless otherwise noted, all section references are to the Internal Revenue Code as amended and in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

notice of deficiency was timely filed on December 20, 1982, and assigned docket No. 29402-82.

By notice of deficiency dated December 20, 1982, respondent determined the following deficiencies in petitioners' Federal income tax:

| Year | Deficiency | Additions to tax | | |
| | | Sec. 6651(a) | Sec. 6653(a) | Sec. 6653(b) |
|---|---|---|---|---|
| 1977 | $16,046.66 | $3,209.33 | $835.08 | 0 |
| 1979 | 1,256.00 | 0 | 0 | $628.00 |
| 1980 | 13,460.88 | 0 | 0 | 6,730.44 |

The petition relating to this notice of deficiency was timely filed on May 2, 1983, and assigned docket No. 9885-83.

On January 17, 1983, petitioners' request for Columbus, Ohio, as the place of trial in docket No. 29402-82 was granted. On May 2, 1983, petitioners' request for Columbus, Ohio, as the place of trial in docket No. 9885-83 was granted. On March 1, 1984, petitioners' motion to consolidate docket No. 29402-82 and docket No. 9885-83 for purposes of trial, briefing, and opinion was granted. On August 21, 1985, petitioners moved to change the place of trial from Columbus to Detroit, Michigan, because their counsel had moved his office to Michigan. The motion was granted on August 23, 1985.

The consolidated cases were set for trial on the May 12, 1986, Detroit calendar. Petitioners moved for a continuance, which was granted on March 7, 1986, and the cases were again set for trial, on the March 9, 1987, Detroit calendar.

After they were set for trial, the parties agreed to settle the two cases for the following amounts:

| Year | Deficiency | Additions to tax | | |
| | | Sec. 6651(a) | Sec. 6653(a) | Sec. 6653(b) |
|---|---|---|---|---|
| 1977 | 0 | 0 | 0 | 0 |
| 1978 | $1,523 | 0 | $76.15 | 0 |
| 1979 | 0 | 0 | 0 | 0 |
| 1980 | 0 | 0 | 0 | 0 |

Pursuant to the parties' agreement, decisions were entered in both dockets on March 19, 1987. Upon petitioners' motion for litigation costs, these decisions were vacated and filed as supplemental stipulations.

The deficiency determined for 1977 related to the proper taxpayer to recognize gain from the sale of certain stock. On December 29, 1976, Mr. Whitesell, an officer and stockholder of Williams Printing Co. (Williams), granted Williams an option to purchase Mr. Whitesell's 10,200 shares of Williams stock. On December 30, 1976, Mr. Whitesell transferred a total of 8,125 shares of this stock to his five children and to the Vultee Church of Christ. As secretary-treasurer of Williams, Mr. Whitesell signed the stock certificates that accomplished the transfer on December 31, 1976. Each certificate stated that the shares it represented were subject to the option. Petitioners filed gift tax returns reporting the transfers.

On February 11, 1977, Williams exercised its option to purchase the stock, paying a total of $39,794.25 to petitioners, their children, and the church. Petitioners and each of their children reported a proportionate share of the gain from this transaction. On Schedule D (Capital Gains and Losses) of their Form 1040 (Individual Income Tax Return) for 1977, petitioners reported proceeds of $8,105, and a long-term capital gain of $7,380, from a sale of "Wms." Petitioners reported total gross income of $49,873 for 1977.

The deficiencies determined for 1978, 1979, and 1980 involved unreported income and deductions. Petitioners reported income, credits, and deductions on Forms 1041 (Fiduciary Income Tax Return) for the Whitesell trust and the LOV trust, which were both grantor-type trusts, rather then on their own Forms 1040. From the first appeals conference, petitioners conceded that the latter would have been the "more proper" treatment. Respondent also determined additions to tax under section 6653(b) for each of those years. During settlement negotiations in Columbus, Ohio, respondent offered to concede all of the addition for fraud. Later, during settlement negotiations in Muskegon, Michigan, after the place of trial was moved to Detroit, he offered to concede one-half of the addition for fraud.

Petitioners paid, or agreed to pay, their attorney $18,984.42 in fees and expenses, court costs, and other disbursements between December 20, 1982, and June 30, 1987, $16,136.76 (85 percent) of which is applicable to docket No. 9885-83. Petitioners individually incurred

$11,222.45 in expenses, $9,539.08 of which is applicable to docket No. 9885-83.[2]

Initially, we must determine in which of these cases we have the authority to award litigation costs. Respondent argues that section 7430 is not applicable to docket No. 29402-82, because that docket was not filed after February 28, 1983, the effective date of the section. Petitioners, on the other hand, argue that because the two cases were consolidated, and the second case was filed after the effective date of the statute, litigation costs may be awarded in both.

We agree with respondent that we may not award litigation costs in docket No. 29402-82. Absent a statutory provision, this Court does not have authority to award attorney's fees or litigation costs. Section 7430, the only statutory provision granting us authority to award litigation costs (compare *McQuiston v. Commissioner*, 78 T.C. 807 (1982), affd. without published opinion 711 F.2d 1064 (9th Cir. 1983)),[3] is effective for actions commenced after February 28, 1983. Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(e), 96 Stat. 324, 574. A case is commenced in this Court by filing a petition. Rule 20(a). Thus, petitioners' case in docket No. 29402-82 was commenced on December 20, 1982. Based on the language of the effective date provision, we do not have authority to award litigation costs in that case.

Petitioners, however, rely on section 7430(d), which allows this Court to treat multiple actions as consolidated, even if they have not been, for purposes of awarding litigation costs.[4] Section 7430(d) does not, by its terms, confer

---

[2]These expenses consist of the following items:

| Item | Amount |
| --- | --- |
| Air fares | $7,636.20 |
| Hotels | 450.00 |
| Food | 720.00 |
| Bus, taxis | 560.00 |
| Telephone charges | 1,856.25 |

[3]See also *Alvarado v. Commissioner*, T.C. Memo. 1985-118, affd. without published opinion 781 F.2d 901 (5th Cir. 1986) (even after enactment of sec. 7430, Court without jurisdiction to award attorney fees in cases commenced before section's effective date).

[4]That subsection provides:

SEC. 7430(d). MULTIPLE ACTIONS.—For purposes of this section, in the case of—

(1) multiple actions which could have been joined or consolidated, or

jurisdiction; it merely creates a procedure for awarding costs in related cases. It is not sufficient to extend our authority to allow an award of litigation costs in cases filed before the effective date of the section, even if they are consolidated with cases filed after that date. Therefore, we may not award litigation costs in docket No. 29402-82.

We turn now to the question of whether litigation costs should be awarded in docket No. 9885-83 involving the years 1977, 1979, and 1980. Section 7430[5] provides for the award of reasonable litigation costs to the prevailing party in civil proceedings brought by or against the United States. Sec. 7430(a).[6] To be a prevailing party, petitioners must have substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues in the case, and establish that the position of the United States in the civil proceeding was unreasonable. Sec. 7430(c)(2)(A).[7]

We will begin with the question of whether respondent's position in the case was reasonable. That depends upon

---

(2) a case or cases involving a return or returns of the same taxpayer (including joint returns of married individuals) which could have been joined in a single proceeding in the same court,

such actions or cases shall be treated as one civil proceeding regardless of whether such joinder or consolidation actually occurs, unless the court in which such action is brought determines, in its discretion, that it would be inappropriate to treat such actions or cases as joined or consolidated for purposes of this section.

[5]Sec. 7430 was amended by the Tax Reform Act of 1986. See Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551, 100 Stat. 2085, 2752. The amendments apply to amounts paid after Sept. 30, 1986, in civil actions or proceedings commenced after Dec. 31, 1985. Tax Reform Act of 1986, sec. 1551(h)(1), 100 Stat. 2753. This action was commenced before Dec. 31, 1985, so the 1986 amendments to sec. 7430 are not applicable.

[6]That subsection provides:

SEC. 7430(a). IN GENERAL.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district court) for reasonable litigation costs incurred in such proceeding.

[7]As in effect for the year when this case was commenced, that subparagraph provided:

(A) IN GENERAL.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented.

whether, based on all the facts and circumstances in the case, he had reasonable positions in both law and fact; the fact that respondent loses or concedes is not necessarily determinative. *Wasie v. Commissioner,* 86 T.C. 962, 968-969 (1986). We restrict our inquiry to the reasonableness of respondent's position after the time that the petition was filed. *Baker v. Commissioner,* 787 F.2d 637 (D.C. Cir. 1986), affg. on this issue 83 T.C. 822 (1984); *Don Casey Co. v. Commissioner,* 87 T.C. 847, 861-862 (1986); see also *Wickert v. Commissioner,* 842 F.2d 1005 (8th Cir. 1988); *Ewing & Thomas, P.A. v. Heye,* 803 F.2d 613 (11th Cir. 1986); *United States v. Balanced Financial Management, Inc.,* 769 F.2d 1440 (10th Cir. 1985).[8] Petitioners have the burden of proving that respondent's positions were unreasonable. Rule 232(e).

The parties are in agreement that the two significant issues for 1977 were who should be taxable on the income from the sale of the Williams stock to Williams, and whether the statute of limitations barred assessment when the notice of deficiency was issued. Petitioners have conceded that respondent's position on the taxability of income issue was reasonable, so only the statute of limitations issue must be considered.

Respondent contends that section 6501(e), which imposes a 6-year statute of limitations if there are "substantial omissions" from gross income, applies to 1977. Petitioners contend that the information disclosed on their 1977 return was sufficient for respondent to have had the requisite "clue" as to any unreported income (see *Colony, Inc. v. Commissioner,* 357 U.S. 28 (1958)), so that only the normal 3-year statute set out in section 6501(a) applies. They also contend that because respondent had the burden of proving that the statute of limitations does not bar assessment, his action is less likely to be reasonable.

We agree with respondent that his position was reasonable. The question of whether disclosure was sufficient for petitioners to have the benefit of section 6501(e)(1)(A)(ii)[9] is

---

[8] Other courts, however, look to the prepetition period as well. See *Sliwa v. Commissioner,* 839 F.2d 602 (9th Cir. 1988); *Powell v. Commissioner,* 791 F.2d 385 (5th Cir. 1986); *Kaufman v. Egger,* 758 F.2d 1 (1st Cir. 1985).

[9] That clause, which codified the rule in *Colony, Inc. v. Commissioner,* 357 U.S. 28 (1958), provides: "In determining the amount omitted from gross income, there shall not be taken

one of fact (*University Country Club, Inc. v. Commissioner*, 64 T.C. 460, 468 (1975); *George Edward Quick Trust v. Commissioner*, 54 T.C. 1336, 1346-1347 (1970), affd. per curiam 444 F.2d 90 (8th Cir. 1971)); and petitioners bear the burden of proof. *University Country Club, Inc. v. Commissioner*, 64 T.C. at 468. Leaving aside the question of how the issue might ultimately have been determined in the event of trial, it is clear that respondent was reasonable in pursuing the matter, given the location of the burden of proof as to reasonableness and the fact that the only stock disclosed as sold by petitioners was that which they admitted was theirs, not that which they claimed was their children's or had been donated to the church.

Petitioners also argue that respondent's determination and pursuit of the addition to tax for fraud for 1979 and 1980 was unreasonable. We disagree. Fraud is a question of fact, to be determined from all the facts and circumstances in the record. *Gajewski v. Commissioner*, 67 T.C. 181 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Among the indicia of fraud are the failure to report substantial sums of income over a period time (*Rutana v. Commissioner*, 88 T.C. 1329, 1336 (1987)), and conduct calculated to mislead or conceal (*Gajewski v. Commissioner*, 67 T.C. at 200). The first occurred here from 1978 to at least 1980, when petitioners reported their income on trust returns rather than on individual returns, and the second arguably occurred from 1972 to 1977, years when petitioners filed protester-type returns.

We do not think that respondent's offer to concede all or part of the fraud issue in appeals conferences in both offices where the case was considered indicates unreasonableness, at least where such concessions were tied to concessions which he reasonably sought from petitioners, i.e., the taxability of income issue for 1977 (see p. 707 *supra*). The fact that different terms were offered by different appeals

---

into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item." Sec. 6501(e)(1)(A)(ii).

officers in two different cities does not make the concession unreasonable.[10]

The fact that the burden of proof as to fraud is on the respondent does not make his position herein unreasonable. In *Rutana v. Commissioner, supra,* and *Don Casey Co. v. Commissioner, supra,* there were actual trials, and we were able to measure all the evidence presented by respondent against the "clear and convincing" standard of proof imposed upon him. Sec. 7454(a). In a situation where no trial occurs and where the burden of proof as to the unreasonableness of respondent's position is on petitioners, we think that, at most, the extent of respondent's burden is to come forward with evidence to provide a foundation for his determination that fraud may be present sufficient to convince us that he might have prevailed had he faced the necessity of developing that evidence further in the event of trial. In a sense, this is comparable to the burden of coming forward, in certain situations, with evidence linking the taxpayer with alleged income-producing activities. See *Tokarski v. Commissioner,* 87 T.C. 74, 76-77 (1986). Given the circumstances previously set forth (see p. 708 *supra*), we think respondent has produced sufficient evidence to support the conclusion that petitioners have not satisfied their burden of proving that respondent's maintenance of his position on the fraud issue was unreasonable.

Nor are we persuaded that respondent's position should be held to be unreasonable because he allegedly has not determined the addition to tax for fraud in other cases involving family trusts. In the first place, we are not satisfied that this is true. See *McKenzie v. Commissioner,* T.C. Memo. 1987-12; *Dick H. McKenzie Family Estate v. Commissioner,* T.C. Memo. 1984-9. In the second place, the absence of a determination of fraud, an entirely factual question, in one or more cases, does not dictate the conclusion that such a determination in a particular case is unreasonable.[11]

In sum, we conclude that petitioners have not carried their burden of proof that respondent was unreasonable in

---

[10]We note that there were appeals conferences in two different cities because the place of trial was changed at petitioners' request.

[11]Cf. *Greenberg's Express, Inc. v. Commissioner,* 62 T.C. 324, 328 (1974), where we refused to look behind a deficiency notice because of claimed discrimination on the part of respondent.

maintaining his position on the significant issues with respect to the taxable years 1977, 1979, and 1980 (docket No. 9885-83). In view of this conclusion, we need not consider the extent to which petitioners were the prevailing party or the nature of the reasonable litigation costs (see note 2, *supra*).

In view of the foregoing, petitioners' motion for an award of litigation costs will be denied and decision will be entered in accordance with the supplemental stipulation of the parties.

*Appropriate orders and decisions will be entered.*