Matthew R. WHITE and Jill White,
Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 92–9005.

United States Court of Appeals,
Tenth Circuit.

April 20, 1993.

Craig F. McCullough (L.S. McCullough, with him on the brief), of Callister, Duncan & Nebeker, Salt Lake City, UT, for petitioners-appellants.

Annette M. Wietecha, Atty., Tax Div., Dept. of Justice, Washington, DC (James A. Bruton, Acting Asst. Atty. Gen., and Ann B. Durney, Atty., Tax Div., Dept. of Justice, Washington, DC, with her on the brief), for respondent-appellee.

Before KELLY and SETH, Circuit Judges, and ALLEY, District Judge.*

SETH, Circuit Judge.

The issue raised on this appeal is whether the Commissioner of the Internal Revenue Service, in his notice of deficiency, correctly assessed taxes against the general partners of a Utah limited partnership. Appellants Matthew R. White and Jill White, general partners of M & J Investment Company, a limited partnership in Utah, appeal the judgment of the United States Tax Court sustaining an assessment by the Commissioner of the Internal Revenue Service for a deficiency in tax payments for the years 1982, 1983, 1984 and 1986. We affirm.

Appellants raise three issues on appeal. Appellants first contend that the Tax Court erroneously ruled that the amounts paid by the partnership for construction of a house were distributions to the partners and thus taxable to the extent they were in excess of the partners' bases. Second, Appellants argue that the Tax Court erred in ruling that the statute of limitations did not prevent assessments for 1984. Finally, Appellants contest the Tax Court's holding that Appellants were liable for additional tax for substantial understatement of income under I.R.C. § 6501.

A large portion of the facts in this case were stipulated to and submitted by the parties to the Tax Court. Appellants purchased a tract of undeveloped land in 1979. Although the legal title to the land was held by the Jill White Family Trust, the parties have stipulated that for purposes of this appeal, Appellants will be considered as having purchased the land in their individual capacities. In 1981, Appellants formed the M & J Investment Company as a Utah limited partnership. Appellants were general partners, each with a five percent interest, and their four children, through a custodian, were limited partners holding the remaining ninety percent interest. The partnership held both business and personal assets.

In 1982, construction of a house began on the tract. The partnership contributed part of the money needed for construction, and ultimately provided fifty-nine percent of the cost. In August 1983, Appellants borrowed $300,000 from Zions First National Bank to finance their share of the construction costs. Appellants personally conveyed a security interest in the entire property to secure the loan. The loan was subsequently refinanced twice, with some additional funds being borrowed by Appellants, and each time a deed of trust was executed by Appellants personally giving the bank a security interest in the entire property.

On December 31, 1983, Appellants signed a "deed" purporting to convey an interest in the property to the partnership. The deed did not however contain a description of the property and was never delivered or recorded. In our view it had no significant effect.

* Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation.

The IRS audited Appellants' income tax returns for the years 1982, 1983, 1984, and 1986, and issued a statutory notice of deficiency. The Commissioner determined that the amounts paid by the partnership during the years at issue for construction of the house constituted distributions under I.R.C. § 731 and were unreported capital gain to Appellants to the extent the amounts exceeded Appellants' bases. The Commissioner further imposed additions to the tax owed pursuant to I.R.C. § 6661, for substantial understatement of income tax, and pursuant to I.R.C. § 6651(a)(1), for failure to timely file the 1982 tax return.

In December 1989, following the Commissioner's notice of deficiency, Appellants executed a quitclaim deed conveying a fifty-nine percent interest in the property to the partnership.

■■■ Appellants first contest the finding that the expenditures by the partnership for the construction of the house constituted distributions to Appellants. The resolution of this issue hinges on whether the partnership actually acquired an interest in the property when it expended funds for the construction of the improvements. This is basically a factual question, and the findings of the Tax Court will not be set aside unless clearly erroneous. *Estate of Holl v. Commissioner*, 967 F.2d 1437, 1438 (10th Cir.); *United States v. California Eastern Line*, 348 U.S. 351, 75 S.Ct. 419, 99 L.Ed. 383; 26 U.S.C. § 7482(a); Fed. R.Civ.P. 52(a).

Appellants contend that they had an agreement with the partnership in which the partnership would expend funds for construction of the house in exchange for an undivided interest in "the property." They rely on two sections of the Utah Code to support their argument.

Under the Utah Code, "[u]nless the contrary intention appears, property acquired with partnership funds is partnership property." Utah Code Ann. § 48–1–5 (1992). Further, partnership property can be held in the name of a general partner. Utah Code Ann. § 48–1–7 (1992). Appellants interpret these provisions to mean that since partnership funds were expended for the construction of the house, the house is partnership property, even if the title remains in the names of Appellants. We agree with the Tax Court that this interpretation ignores the question as to whether the partnership actually acquired any property.

Appellants owned the real property in question in their individual capacities prior to the formation of the partnership. Thus, they were not holding the property for the partnership, because it was not yet formed. Generally, improvements on land become part of the real property. *See* Utah Code Ann. § 57–1–1(3) (1990) ("real property" includes all fixtures and improvements on land). The house became part of the property to which Appellants held the title.

Under the Utah Code the partnership, either in and of itself or by a partner for the partnership, had to acquire property with partnership funds in order for it to be partnership property. Since Appellants held title to the property, they had to transfer an interest in the property to the partnership in order for the partnership to have an interest. In accordance with the Tax Court, despite Appellants' expressed intentions, such an interest was not transferred.

The Tax Court relied on several facts indicating that Appellants treated the property as wholly a personal asset instead of owned in part by them, and in part by the partnership, and we agree. These facts include that Appellants were able and did convey the entire property to the bank to secure a loan to Appellants as individuals but made no conveyance to the partnership; that Appellants deducted the full amount of real estate taxes paid; that Appellants paid no rent to the partnership for the use of the property and did not include the value of the housing in their income tax returns.

We have reviewed the record and agree that the Tax Court's determination was supported by substantial evidence. Although Appellants testified that they intended for the partnership to have an interest in the property, this intention was not effectuated by Appellants' actions.

Appellants additionally argue that if the partnership did not acquire an interest in the property, the payments for the construction of the improvements should not be considered distributions, but constituted loans to Appellants. The partnership, Appellants contend, thus would have a lien against the improvements. This argument appears to be raised for the first time on appeal, and we generally do not review matters raised for the first time on appeal. *Gundy v. United States*, 728 F.2d 484 (10th Cir.). In any case, the evidence does not support this contention.

Equally unmeritorious is Appellants' argument that since Appellants did not personally receive any money from the partnership, no distribution was made under I.R.C. § 731(a). This argument is unsupported by the tax code, which contemplates constructive or deemed distributions. *See* I.R.C. § 752(b); *O'Brien v. Commissioner*, 77 T.C. 113, 1981 WL 11269.

The second issue Appellants raise is that the statute of limitations prohibits the Commissioner from making an assessment of their tax for 1984. I.R.C. § 6501(a) provides that the Commissioner must make an assessment of tax within three years after a taxpayer files a return. But if the taxpayer omits from his gross income an amount that is properly includable in excess of twenty-five percent of the gross income stated in the return, the tax may be assessed within six years after the return is filed. I.R.C. § 6501(e)(1)(A). In determining the amount omitted from gross income, however,

> "there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item."

I.R.C. § 6501(e)(1)(A)(ii). Partnership returns are considered together with individual returns to determine the amount omitted from gross income. *Rose v. Commissioner*, 24 T.C. 755, 769, 1955 WL 620.

Appellants maintain that the partnership's original 1984 return reflected a distribution to Appellants, but Appellants' 1984 individual return did not include the distribution from the partnership as income. They contend that when read together, the partnership's return and their individual return adequately apprised the Secretary of the nature and amount of the omitted items, and thus the amount should not have been considered in calculating the amount omitted from gross income. The amount omitted from gross income, therefore, was not in excess of twenty-five percent of the gross income stated on the return, and the three year statute of limitations should have applied.

The Tax Court found that the partnership's original 1984 return *did not* report any real estate assets, and Appellants' individual return for 1984 did not disclose any distributions to Appellants with respect to the property. The Tax Court concluded that the return did not provide sufficient notice for purposes of § 6501(e)(1)(A)(ii) because the returns failed to disclose the omitted items. We agree.

Whether disclosure is sufficient for the benefit of § 6501(e)(1)(A)(ii) is a question of fact. *Whitesell v. Commissioner*, 90 T.C. 702, 1988 WL 33536. Our standard of review is whether the court's findings were clearly erroneous.

Adequate disclosure requires that the returns provide a "clue to the existence of the omitted item." *Colony, Inc. v. Commissioner*, 357 U.S. 28, 36, 78 S.Ct. 1033, 1038, 2 L.Ed.2d 1119. The statement containing the "clue" does not have to be a detailed revelation of every fact underlying the transaction, *University Country Club, Inc. v. Commissioner*, 64 T.C. 460, 470, 1975 WL 3178, but must be sufficiently detailed to apprise the respondent of the nature and amount of the transaction. *Estate of Frane v. Commissioner*, 98 T.C. 341, 1992 WL 62027. With these guidelines in mind, we hold that the finding of the Tax Court that the amount omitted

from gross income was not adequately disclosed is not clearly erroneous.

 The final issue Appellants raise is whether the Commissioner correctly assessed a penalty for substantial understatement of tax under I.R.C. § 6661. Under I.R.C. § 6661(a), if there is a substantial understatement of tax, an amount equal to twenty-five percent of the amount of the understatement shall be added to the tax owed. However, the amount of the understatement will be reduced by the portion of the understatement that is attributable to tax treatment by the taxpayer for which there is substantial authority, or to any item for which the relevant facts affecting the item's tax treatment are adequately disclosed in the return. I.R.C. § 6661(b)(2)(B)(i), (ii).

Appellants argue that since there is substantial authority allowing a partnership to own real property, their treatment of the tax was in conformance with substantial authority and the twenty-five percent penalty is not applicable. The Tax Court found, and we agree, that while a partnership can indeed hold real property in the name of a general partner, no substantial evidence exists here supporting Appellants' contention that the partnership actually did hold real property. No substantial evidence supports Appellants' position, and as discussed above, no adequate disclosure was made. Again, the decision of the Tax Court is supported by substantial evidence.

Accordingly, the judgment of the United States Tax Court is AFFIRMED.