9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Esley E. SCHMIDT; Mildred R. Schmidt, Defendants-Appellants.
 No. 92-3364.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1993.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellants Esley and Mildred Schmidt appeal the district court's grant of summary judgment to the government in its suit against the Schmidts seeking judgment on assessed tax deficiencies. Our jurisdiction over this matter arises from 28 U.S.C. 1291.
 
 
 4
 The Internal Revenue Service assessed tax deficiencies against the Schmidts for tax years 1978 through 1983. Following a levy and subsequent sale of four parcels of property, see Schmidt v. King, 913 F.2d 837, 838 (10th Cir.1990), additional assessments were made against the Schmidts for tax years 1984 through 1986. The government brought suit, seeking to reduce the assessments to judgment and to foreclose on the resulting tax lien. The Schmidts resisted the suit, asserting various defenses and moving to dismiss the case. The motion was denied and sanctions imposed against the Schmidts pursuant to Fed.R.Civ.P.11. During the course of the litigation, the Schmidts resisted discovery for over a year. The government filed for summary judgment based on the tax assessments. The district court granted that motion, and the Schmidts, proceeding pro se, now appeal.
 
 
 5
 We review the district court's grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We construe the Schmidts' pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 6
 The Schmidts contend 1) the tax assessments are self-serving and lack foundation, 2) they have, by affidavit, rebutted any presumption of correctness afforded the assessments, and 3) the district court erred in failing to give them a jury trial. We address the last issue first. The district court denied the Schmidts a jury trial based on its summary judgment ruling for the government. Summary judgment is appropriate when the record shows no genuine issue of material fact. See Murphy v. Derwinski, 990 F.2d 540, 544 (10th Cir.1993)(citing Fed.R.Civ.P. 56(c) and Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). Without such a genuine issue for trial, we reject the Schmidts' continued demands for a jury trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(summary judgment inquiry is threshold determination "whether there is the need for a trial.").
 
 
 7
 None of the Schmidts' remaining arguments on appeal were presented to the district court. Absent exeptional circumstances, which are not apparent from the record on appeal in this case, we will not address new issues on appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976); White v. Commissioner, 991 F.2d 657, 661 (10th Cir.1993). The government properly supported its motion for summary judgment. At that point, the burden shifted to the Schmidts to demonstrate a genuine issue for trial on a material matter. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991). The Schmidts did not meet that burden. They cannot now bring new arguments and present new evidence on appeal in an attempt to overturn the district court's ruling. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721-22 (10th Cir.1993); see also FDIC v. Daily, 973 F.2d 1525, 1530 (10th Cir.1992)(applying the rule where appellant pro se).
 
 
 8
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable RalphG. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3