T.C. Memo. 2014-165

UNITED STATES TAX COURT

ROBERT S. MCQUATE AND LINDA S. MCQUATE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17861-12.                    Filed August 14, 2014.

Ellsworth Morgan Maxwell III, for petitioners.

Jonathan E. Behrens, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  The matter before us is petitioners' motion pursuant to Rule

231[1] for an award of reasonable litigation and administrative costs and fees under

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue
Code in effect at all relevant times.

[*2] section 7430. The primary issue is whether under section 7430(c)(4)(B)(i) the position of the United States was substantially justified in the administrative proceeding.

## Background

Petitioners are the sole owners of an S corporation, R S McQuate & Associates, Inc. (McQuate & Associates), which provides consulting services. Petitioners also own a partnership interest in Aminopath Labs, LLC (Aminopath).

McQuate & Associates performed consulting services for Aminopath in 2005. McQuate & Associates received $59,468.91 from Aminopath for these services, which it included in the gross receipts reported on its Form 1120S, U.S. Income Tax Return for an S Corporation, for the taxable year 2005.

Petitioners timely filed a Form 1040, U.S. Individual Income Tax Return, for 2005. Petitioners did not report any income or loss attributable to Aminopath on Form 1040. On or before July 24, 2007, petitioners received from Aminopath a Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc., for the taxable year 2005. The Schedule K-1 reported an ordinary business loss of $62,891 and guaranteed payments of $61,984. On August 17, 2007, respondent received from petitioners a Form 1040X, Amended U.S. Individual Income Tax Return, for the taxable year 2005. Petitioners reported on Schedule E,

[*3] Supplemental Income and Loss, of Form 1040X an ordinary business loss of $62,891 and guaranteed payments of $61,984. This reduced petitioners' taxable income by $907, and they claimed a refund of $370.

On December 20, 2010, respondent mailed to petitioners a notice of final partnership administrative adjustment (FPAA) in regard to Aminopath's 2005 taxable year. The FPAA reduced petitioners' distributive share of the ordinary business loss to $21,470. Neither of petitioners nor the tax matters partner filed a petition contesting the adjustments made in the FPAA.

On April 13, 2012, respondent issued to petitioners a notice of deficiency for the taxable year 2005. The notice of deficiency disallowed the entire amount of the ordinary business loss, $62,891, because of basis limitations. This increased petitioners' taxable income, and respondent determined a deficiency of $15,038. Petitioners timely filed a petition on July 16, 2012, in which they stated: "Aminopath's accountant incorrectly reported amounts paid to and properly reported by McQuate Corp as guaranteed payments to Petitioners. * * * Neither petitioners nor their tax return preparer realized that the guaranteed payment reported on the 2005 Form K-1 was the same amount that had already been reported by McQuate Corp on its 2005 Form 1120S." On September 10, 2012, respondent's counsel requested that petitioners' counsel provide him with a copy

**[*4]** of McQuate & Associates' 2005 Form 1120S. On September 11, 2012, respondent filed an answer. By September 18, 2012, respondent received from petitioners' counsel the Form 1120S and a copy of McQuate & Associates' 2005 gross receipts ledger. The gross receipts ledger identified Aminopath as the source of receipts totaling $59,468.91. After reviewing these documents, respondent's counsel was able to verify that the guaranteed payments that had been reported on Schedule E of Form 1040X had also been included in taxable income on Form 1120S. Respondent's counsel sent a proposed decision document to petitioners' counsel indicating that petitioners did not have a deficiency for the 2005 taxable year.

On June 3, 2013, petitioners and respondent entered into a stipulation of settlement under Rule 231(c) which stated that there is no deficiency in income tax due from petitioners for the taxable year 2005. Petitioners filed a motion for an award of reasonable litigation and administrative costs on July 18, 2013. Petitioners' motion claimed an award of $27,083.42, which included attorney's fees for services provided for the 2004, 2005, and 2006 taxable years.[2] This

---

[2]Petitioners ask that we award costs incurred with respect to taxable years that are not before the Court. To do so would exceed our jurisdiction and on this record would be inappropriate. See Whitesell v. Commissioner, 90 T.C. 702, 705-706 (1988).

[*5] amount included approximately $12,000 of litigation costs for attorney services performed after the answer was filed on September 11, 2012. Petitioners' counsel did not provide a detailed schedule of the litigation and administrative costs incurred with respect to the 2005 taxable year. Petitioners concede the reasonableness of respondent's litigation position.[3] Neither party requested a hearing for the issues raised in the motion.

## Discussion

Section 7430(a)(1) provides that a party that has prevailed in any administrative proceeding against the United States may recover reasonable administrative costs. Section 7430(c)(2) limits the term "reasonable administrative costs" to costs incurred on or after the earliest of the following: (1) the date on which the taxpayer receives from the Internal Revenue Service (IRS) Appeals Office a "notice of decision"; (2) the date of the notice of deficiency; or (3) the date on which the IRS mails a first letter of proposed deficiency giving the taxpayer a right to protest the proposed deficiency to the IRS Appeals Office.

An award of administrative costs may be made where (1) the taxpayer is the "prevailing party"; (2) the taxpayer did not unreasonably protract the

___

[3] Accordingly, we hold that petitioners are not entitled to an award of litigation costs.

[*6] administrative proceedings; and (3) the amount of costs requested is reasonable. Sec. 7430(a), (b)(3), (c); Storey v. Commissioner, T.C. Memo. 2013-59, at *4-*5. These requirements are conjunctive; the failure to satisfy any one of them will preclude an award of costs. See Minahan v. Commissioner, 88 T.C. 492, 497 (1987). Petitioners have the burden of establishing that they satisfied each requirement of section 7430. See Rule 232(e).

To be a prevailing party as relevant here, a taxpayer must: (1) meet the net worth requirements of the first sentence of 28 U.S.C. sec. 2412(d)(1)(B), see sec. 7430(c)(4)(A)(ii); and (2) substantially prevail with respect to the amount in controversy, sec. 7430(c)(4)(A)(i)(I). Respondent concedes that petitioners meet the net worth requirements. Respondent also concedes that petitioners have substantially prevailed with respect to the amount in controversy. However, even if a taxpayer substantially prevails for purposes of section 7430, the taxpayer will not be treated as the prevailing party if the Commissioner establishes that the "position of the United States" was substantially justified. Sec. 7430(c)(4)(B)(i); Rule 232(e). The Commissioner has the burden of establishing that his position was substantially justified. See sec. 7430(c)(4)(B)(i); Rule 232(e); Storey v. Commissioner, at *5.

[*7]   The Commissioner's position for an administrative proceeding is the position taken as of the earlier of (1) the date the taxpayer receives the decision notice of the IRS Appeals Office, or (2) the date of the notice of deficiency.  Sec. 7430(c)(7)(B); sec. 301.7430-5(b), Proced. & Admin. Regs.[4]  Whether the Commissioner's position was "substantially justified" turns on an analysis of all the facts and circumstances, as well as any relevant legal precedents.  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990); Sher v. Commissioner, 89 T.C. 79, 84 (1987), aff'd, 861 F.2d 131 (5th Cir. 1988).  A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  We must consider the basis for the Commissioner's position and the manner in which that position was maintained.  Wasie v. Commissioner, 86 T.C. 962, 969 (1986).  The fact that the Commissioner concedes a case, without more, does not establish an unreasonable position.  Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  A significant factor in determining whether the Commissioner's position is substantially justified as of a given date is whether on or before that date the

---

[4]Respondent alleges that his position in the administrative proceeding was established on the date of the notice of deficiency.  Petitioners did not dispute this.  In any event, as we discuss infra, based on the information available, respondent's position was substantially justified until after the petition was filed.

[*8] taxpayer has presented all relevant information under the taxpayer's control and relevant legal arguments supporting the taxpayer's position. Corson v. Commissioner, 123 T.C. 202, 206-207 (2004); sec. 301.7430-5(c)(1), Proced. & Admin. Regs.; see also Lavallee v. Commissioner, T.C. Memo. 1997-183, 1997 Tax Ct. Memo LEXIS 212, at *18-*19 ("Rather, the reasonableness of respondent's position is determined by considering the information available to her at the time the notice of deficiency was issued.").

Respondent alleges that petitioners first provided the McQuate & Associates Form 1120S and the general receipts ledger on September 18, 2012, and that without these documents respondent would have been unable to confirm that the "guaranteed payments" that petitioners reported as income on their 2005 amended return had also been reported by McQuate & Associates and thus already reflected on petitioners' 2005 return. Respondent argues that without these documents the revenue agent was unable to determine that the guaranteed payments reported on Schedule E had been included in the gross receipts reported by McQuate & Associates on Form 1120S. In their motion and supplements to their motion petitioners do not directly contest these allegations. Respondent contends that the revenue agent did not possess all of the relevant information supporting petitioners' position on the date the notice of deficiency was issued.

**[\*9]**   Petitioners' counsel alleges that he provided the revenue agent with "necessary" information but the revenue agent "simply chose to ignore this evidence".  Petitioners submitted exhibits including correspondence.  The correspondence between petitioners' counsel and respondent indicate that petitioners' counsel did not provide the revenue agent with the necessary information for her to verify that the amounts petitioners reported as guaranteed payments on their 2005 Form 1040X had already been included in the McQuate & Associates Form 1120S.

Attached to petitioners' first supplement to the motion was a letter dated December 16, 2011, from petitioners' counsel to the revenue agent.  The letter primarily discussed the 2004 taxable year.  The 2005 taxable year was briefly discussed in a sentence along with the 2004 and 2006 taxable years:  "The problem is that although the McQuates filed amended returns for each year, they insist that they never received refunds of the reduction in tax reflected in the amended returns.  If that is true, and it should be a simple matter for the IRS to check, it is clear that the McQuates should not be billed for a reduction in tax they never received or otherwise got the benefit of."  This letter requested the revenue agent to focus her attention on determining whether petitioners received the refund claimed on their amended return for the 2005 taxable year.  As previously stated,

[*10] petitioners' deficiency in tax arose from the fact that they reported $61,984 that Aminopath paid to McQuate & Associates as a guaranteed payment on Schedule E of their amended return. The letter from petitioners' counsel did not provide the revenue agent with the information necessary to explain or resolve this problem.

In a letter dated March 14, 2012, to the revenue agent, petitioners' counsel again referenced the fact that petitioners had not received the refunds claimed on their amended returns for the taxable years 2004, 2005, and 2006. The letter also stated that in regard to the 2004 taxable year, the guaranteed payments were reported on the return of McQuate & Associates. We note that petitioners' counsel was specifically discussing the 2004 taxable year and did not mention the 2005 taxable year. Petitioners' counsel did not make this argument in regard to the 2005 taxable year. As a result, this letter did not provide the revenue agent with the information necessary to resolve this dispute.

Petitioners erroneously reported the money paid by Aminopath to McQuate & Associates as both a gross receipt on Form 1120S and as a guaranteed payment on Schedule E of Form 1040X. This resulted in respondent's determining a $15,038 deficiency. The correspondence petitioners' counsel sent to the revenue agent and on which petitioners rely focused on the fact that petitioners did not

[*11] receive the refund claimed on their 2005 amended return.  This did not address the root cause of petitioners' deficiency.  The record before us indicates that petitioners' counsel failed to provide the revenue agent with evidence that the amount reported as a guaranteed payment on petitioners' amended return was also included in the gross receipts reported by McQuate & Associates.  We note that respondent's counsel timely conceded that petitioners did not have a deficiency after he received evidence that the guaranteed payments were included in the income of McQuate & Associates.  On the basis of the record before us we find that respondent's administrative position was substantially justified.[5]  Therefore, petitioners' motion will be denied.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.

---

[5]Respondent argues that the attorney's fees are unreasonable.  We need not address this issue since we have determined that respondent's administrative position was substantially justified.